## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARCHROMA U.S., INC., | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Court No. 22-00354 |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| COMMERCE and UNITED STATES | ) |
| INTERNATIONAL TRADE COMMISSION, | ) |
| | ) |
| Defendants. | ) |
| ————————————————— | ) |

## COMPLAINT

Plaintiff, Archroma U.S., Inc. ("Archroma"), by and through its attorneys, alleges the following claims against the defendants, the United States Department of Commerce (the "Department") and the United States International Trade Commission (the "Commission").

## ADMINISTRATIVE ACTION TO BE REVIEWED

1.  Archroma seeks judicial review of the Department's and Commission's determination(s) to conduct a five-year "sunset" review (the "Second Sunset Review"), under the asserted authority of 19 U.S.C. § 1675(c), of the antidumping orders ("AD Orders") on stilbenic optical brightening agents from the People's Republic of China and Taiwan. *See Initiation of Five Year (Sunset) Reviews*, 87 Fed. Reg. 59779 (Dep't of Com. Oct. 3, 2022); *see Stilbenic Optical Brightening Agents From China and Taiwan; Institution of Five-Year Reviews*, 87 Fed. Reg. 59827 (Int'l Trade Comm'n Oct. 3, 2022).  Specifically, Archroma seeks judicial review of (a) the agencies' decision(s) to conduct this review prior to the time specified in 19 U.S.C. 1675(c)(1)(C)—*i.e.*, before the five-year anniversary of the Department's November 27, 2017 publication of the continuation of the AD Orders, (b) the Department's October 27, 2022 decision

provided to the Commission rejecting Archroma's Notice of Intent to Participate, and (c) the Department's revocation of the AD Orders, which was published in the *Federal Register* on December 29, 2022. *See Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022).

## JURISDICTION

2.    This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this is a civil action commenced against agencies of the United States under 19 U.S.C. § 1516a(a)(1)(D).

3.    Alternatively, this Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i) because this is a civil action commenced against agencies of the United States arising out of laws providing for duties on the importation of merchandise for reasons other than the raising of revenue. *See* 28 U.S.C. § 1581(i)(1)(B).

4.     Archroma is adversely affected and aggrieved within the meaning of 5 U.S.C. § 702 by the contested agency action; therefore, Archroma has standing to bring its claim under 28 U.S.C. § 2631(i).

## STANDING

5.    Archroma is a domestic producer of stilbenic optical brightening agents, and thus, is a domestic interested party pursuant to 19 U.S.C. § 1677(9)(C).

6.    Archroma participated in the proceedings being challenged. Therefore, Archroma has standing to bring this action as a "party to the proceeding" pursuant to 19 U.S.C. § 1516a(d).

## TIMELINESS OF THIS ACTION

7.    The Department published notice of the contested *Final Results* determination on December 29, 2022. *See Stilbenic Optical Brightening Agents from People's Republic of China*

2

*and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022).

8.      Archroma commenced this action by filing the summons and complaint concurrently on December 29, 2022, within 30 days of the publication of the *Final Results* determination.

9.      Accordingly, this action was commenced within the statutory time limits set forth by 19 U.S.C. § 1516a(a)(1)(D), 28 U.S.C. § 2632(a), 28 U.S.C. § 2336(c), 28 U.S.C. § 2636(i), and C.I.T. Rule 3(a)(3).

## STATEMENT OF CLAIMS AND BASIS FOR RELIEF

10.     The Department's and Commission's determinations to conduct the Second Sunset Review of the AD Orders other than in accordance with 19 U.S.C. § 1675(c) is not in accordance with law. Archroma requests that the Court declare the agencies' action unlawful including the Department's decision to revoke the AD Orders, which came as a result of an unlawful review.

## STATEMENT OF FACTS

**Background**

11.     Archroma is a domestic producer of stilbenic optical brightening agents ("OBA"), which is a chemical used by the paper industry to make paper whiter and brighter.

12.     Archroma is one of the last two remaining U.S. producers of OBA. It directly employs approximately 200 people between its headquarters in Charlotte, NC and its manufacturing facility in Martin, Allendale County, South Carolina.

13.     Archroma indirectly supports its upstream suppliers—one of which is the only remaining U.S. producer of sulfanilic acid ("SANS"), a key raw material for the production of OBAs.

3

14.     For the past ten years, the AD Orders have provided critical protection to American OBA producers (such as Archroma) against dumped OBA imports from Taiwan and the People's Republic of China.

15.     Archroma's predecessor was the original petitioner in the underlying antidumping proceeding that led to the AD Orders. Archroma has participated in all subsequent annual administrative reviews and the first sunset review in 2017 (the "First Sunset Review").

16.     On November 27, 2017, Commerce published "a notice of continuation of the antidumping duty orders" in the First Sunset Review. *See Certain Stilbenic Optical Brightening Agents From the People's Republic of China and Taiwan,*, 82 Fed. Reg. 55990 (Dep't of Com. Nov. 27, 2017) (continuation of antidumping duty orders).

17.     Archroma is also participating in the current administrative review for period of review (May 1, 2021 through April 30, 2022) and intends to fully participate in the Second Sunset Review after that review is timely initiated and conducted by the Department and the Commission.

**Premature Review of AD Orders**

18.     Title 19 § 1675(c)(1)(C) provides, in relevant part, for the Department and Commission (*i.e.*, "administering authority and the Commission") to conduct a review "five years *after* the date of publication of [ ] a determination under this section to continue an order or suspension agreement . . ." 19 U.S.C. § 1675(c)(1)(C) (emphasis added).

19.     The five-year anniversary date of the Department's continuation order of the First Sunset Review was November 27, 2022.

20.     Section 1675(c)(2) in relevant part provides that "[n]ot later than 30 days before the fifth anniversary of the date described in paragraph (1), the administering authority [*i.e.*, the

Department] shall publish in the Federal Register a notice of initiation of a review. . . ." 19 U.S.C. § 1675(c)(2).

21.    On October 3, 2022, the Department and the Commission published notices "initiating" and "institut[ing]" a second five-year "sunset" review, respectively. *See Initiation of Five Year (Sunset) Reviews*, 87 Fed. Reg. 59779 (Dep't of Com. Oct. 3, 2022); *see Stilbenic Optical Brightening Agents From China and Taiwan; Institution of Five-Year Reviews*, 87 Fed. Reg. 59827 (Int'l Trade Comm'n Oct. 3, 2022).

22.    Archroma filed a notice of appearance with the Commission on October 12, 2022. This notice of appearance was timely filed within the 21-day and 15-day day regulatory deadlines set by the Commission and the Department, respectively.

23.    The Department called the undersigned counsel on October 24, 2022, to ask whether Archroma had filed a notice of intent to participate in the Second Sunset Review.

24.    Archroma filed a notice of intent to participate with the Department on October 24, 2022.

25.    On October 27, 2022, more than 30 days before the five-year anniversary of the November 27, 2017 continuation order and before the purported 30-day regulatory deadline for filing substantive briefs, the Department notified the Commission that it would revoke the AD Orders by January 2, 2023 (90 days within issuance of the October 3, 2022 notice).

26.    On November 1, 2022, Archroma timely filed its "substantive" responses with Department and a response to the Commission's Notice of Institution, pursuant to the agencies' regulatory deadlines for such responses.  Archroma's substantive responses contained all of the information necessary for the Department to find a continued likelihood of dumping and for the Commission to find material injury.  Accordingly, the AD Orders should have remained in place.

5

**Notification to the Department of Premature Review of AD Orders**

27.    On November 1, 2022, Archroma filed a motion for leave with the Department requesting that the Department accept Archroma's notice of intent to participate in the Second Sunset Review.  The Department denied Archroma's motion for leave the next day on November 2, 2022.

28.    Archroma subsequently moved for reconsideration of the Department's denial in which Archroma argued that the agencies' lacked statutory authority to conduct the Second Sunset Review before November 27, 2022, the five-year anniversary of the continuation order from the First Sunset Review.

29.    The Department denied Archroma's motion for reconsideration on November 30, 2022. The Department stated that the Second Sunset Review was timely initiated because the Department's October 3, 2022 notice of initiation was at least 30 days before the five-year anniversary of the Commission's November 1, 2017 injury determination. *See* 19 C.F.R. § 351.218(c)(2); *see also Certain Stilbenic Optical Brightening Agents From China and Taiwan; Determinations*, 82 Fed. Reg. 50678 (Int'l Trade Comm'n Nov. 1, 2017).

30.    On December 29, 2022, the Department published the final results of the Second Sunset Review and revoked the AD Orders.  The notice provides:

> Because no domestic interested party filed a *timely* notice of intent to participate in these proceedings, consistent with 19 CFR 351.218(d)(1)(iii)(B), we concluded that "no domestic interested party has responded to the notice of initiation under section 751(c)(3)(A) of the Act." Consequently, Commerce is revoking the Orders.

*See Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022) (emphasis in original).

31.     The Department's reasoning is faulty as a matter of law and fact.

**COUNT ONE**
**The Agencies Prematurely Conducted the**
**Five-Year Sunset Review without Statutory Authority.**

32.     Archroma incorporates by reference paragraphs 1-31.

33.     As a matter of statutory construction, it is black letter law that a statute must be read as a whole and in context to give meaning to all words and not create conflicts or absurd results. As the Court in *Diamond Sawblades* found, the plain meaning of § 1675(c) is unambiguous and, therefore, the agencies are not entitled to any *Chevron* deference here. *See Diamond Sawblades Mfrs. Coalition v. United States*, 11 F. Supp. 2d 1303, 1311-12 (Ct. Int'l Trade 2014) ("The plain language of 19 U.S.C. § 1675(c)(1) requires the Department to commence the sunset review of an antidumping duty order five years after the date of publication of the order in the Federal Register. . . . Here, because there is no gap to be filled, the Department has not sought, and is not entitled to, deference under *Chevron*.")

34.     Section 1675(c)(1)(C) is unambiguous that the Department and the Commission shall conduct a review five years *after* the date of the publication of a continuation order. The Department's decision, in this case, to conduct the Second Sunset Review, including requiring interested parties to file substantive briefs, before November 27, 2022 shortens the look-back period to less than five years.  This is inconsistent with the plain reading of the statute as well as the purpose of sunset reviews. *See id.* at 1315.

35.     Likewise, section 1675(c)(2) provides that the Department shall *publish a notice* of initiation of a review. Again, the unambiguous reading of § 1675(c)(2) is that the Department shall publish a notice of initiation of—*not* conduct—the review before the five-year anniversary date.

#100859696v2

36.     This is the only interpretation that gives effect to § 1675(c)(2) and § 1675(c)(1)(C). In other words, "[n]ot later than 30 days before the fifth anniversary of the date described in [§1675(c)(1)(C)] . . ." the Department shall publish a notice of initiation that it will conduct a review after the five-year anniversary of the continuation order.

37.     Any other interpretation would also lead to absurd results. If the statute gives the agencies the authority to initiate a review anytime not later than 30 days before the fifth anniversary of the continuation order, the agencies could initiate a review 60 days, 180 days, 365 days, *ad infinitum* all the way back to one day after the continuation order.

38.     The agencies acted without statutory authority to conduct the Second Sunset Review of the AD Orders before the fifth anniversary of the November 27, 2017 continuation order. As a result, all agency actions taken after October 3, 2022 including, but not limited to, striking Archroma's substantive responses and revoking the AD Orders was without statutory authority.

39.     The agencies' decision to conduct the Second Sunset Review of the AD Orders prior to November 27, 2022 was without legal authority.

40.     The agencies' decision to prematurely conduct this review set in a motion a procedure that resulted in the revocation of the AD Orders effective November 27, 2022, which will cause irreparable injury to Archroma and other domestic producers of OBA.

## COUNT TWO
**The Agencies' Decisions to Initiate the Second Sunset Review on October 3, 2022 Was an Abuse of Discretion, and Was Arbitrary and Capricious.**

41.     Archroma incorporates by reference paragraphs 1-40.

42.     In its November 30, 2022 letter denying Archroma's motion for reconsideration, the Department states that it had statutory authority to initiate the Second Sunset Review on October 3, 2022 because the Commission, on November 1, 2017, determined "that revocation of

8

the [AD Orders] would be likely to lead to continuation or recurrence of *material injury . . .*" to a U.S. industry. *See* 19 C.F.R. § 351.218(c)(2); *see also Certain Stilbenic Optical Brightening Agents From China and Taiwan; Determinations*, 82 Fed. Reg. 50678 (Int'l Trade Comm'n Nov. 1, 2017).

43.     According to the Department, October 3, 2022 was 30 days before November 1, 2022.

44.     November 1, 2022 is not the correct date to calculate the five-year anniversary of a sunset review, as it was not the date on which the Department published its notice continuing the AD Orders.  But even assuming *arguendo* that November 1, 2022 is the correct date, the agencies provided only 29-days' notice—not 30-days' notice as required by the statute.

45.     The Department's argument demonstrates the arbitrariness of its' decisionmaking and abuse of discretion in refusing to consider Archroma's timely filed substantive responses.

46.     There can be little question that had Archroma filed its notice of intent to participate on October 19, 2022—just one day after the Department's *regulatory deadline* of October 18, 2022—that the Department would still have revoked the AD Orders in this case. Here, the Department failed to meet its *statutorily-mandated notice deadline* by one day.

47.     The Department should be required to strictly adhere to its statutorily-mandated deadlines just like the Department claims it is strictly adhering to its regulatory deadlines by revoking the AD Orders that are critical to Archroma's protection against dumped imports from China and Taiwan.

48.     All actions taken by the Department following the Department's failure to comply with § 1675(c)(2) were *ultra vires*, including the Department's December 29, 2022 *Federal Register* notice revoking the AD Orders.

9

49.     First, as a matter of statutory construction, the plain reading of § 1675(c)(1)(C) provides that the agencies shall conduct a review five years after the publication of a determination "to continue *an order*. . . ." Section 1675(c)(1)(C) does *not* say five years after determination by the Commission of continuation of material injury. While "continue" appears in the statute and "continuation" appears in the Commission's November 1, 2017 notice, "continue" and "continuation" modify different phrases—*i.e.*, "an order" and "material injury," respectively. Again, consistent with the purpose and statutory scheme, the Commission makes fact-finding determinations of injury and the Department issues orders, and therefore, as a matter of statutory construction, the Department cannot read "an order" out of § 1675(c)(1)(C).

50.     Second, October 3, 2022 is 29, not 30 days, before November 1, 2022. Therefore, assuming *arguendo* that the five-year anniversary for purposes of conducting the Second Sunset Review was the Commission's November 1, 2017 injury determination, the Department's and Commission's publication of the notices of initiation in this case would have been untimely pursuant to § 1675(c)(2).

51.     When counting backwards, it is clear that the Department should exclude the day of the event that allegedly triggers the period (*i.e.*, November 1, 2022) and, since the last day (*i.e.*, October 2, 2022) fell on a Sunday, the period continues to the previous Friday, which was September 30, 2022. Contrary to the Department's position, the period does not shorten to the following Monday, October 3, 2022.

52.     Again, assuming *arguendo* that November 1, 2022 was the five-year anniversary date and that the agencies can initiate the review no later than 30 days before that date, the Department's and Commission's October 3, 2022 notices provided only 29 days of notice before the November 1, 2022 initiation date in violation of § 1675(c)(2).

10

53. The agencies decision to provide only 29-days' notice instead of 30-days' notice was an abuse of discretion, and arbitrary and capricious.

### COUNT THREE
**The Department's 15-Day Regulatory Deadline to File a Notice of Intent to Participate Is Inconsistent with the Timing Requirements Set Forth in 19 U.S.C. § 1675(c).**

54. Archroma incorporates by reference paragraphs 1-53.

55. The sole reason the Department provides for its decision to revoke the AD Orders is the Department's assertion that Archroma did not timely file a notice of intent to participate by October 18, 2022 pursuant to the 15-day deadline set forth in the Department's regulations. *See* 19 C.F.R. § 351.218(d)(1)(i). There is no similar deadline in the controlling statutes to file a notice of intent to participate.

56. "The plain language of 19 U.S.C. § 1675(c)(1) requires the Department to commence the sunset review of an antidumping duty order five years *after* the date of publication of [a determination under this section to continue an order or suspension agreement.]" *See Diamond Sawblades Mfrs. Coalition v. United States*, 11 F. Supp. 2d 1303, 1311-12 (Ct. Int'l Trade 2014).

57. November 27, 2022 is the five-year anniversary date of the November 27, 2017 determination in the First Sunset Review to continue the AD Orders.

58. Section 1675(c)(1) is clear that the Second Sunset Review in this case could not be conducted before November 27, 2022.

59. The Department and Commission prematurely published notices of initiation of the Second Sunset Review on October 3, 2022.

60. The Department's regulatory procedures provide that "[w]here a domestic interested party intends to participate in a sunset review, the interested party must, not later than

15 days after the date of publication in the FEDERAL REGISTER of the notice of initiation, file a notice of intent to participate in a sunset review with the Secretary." 19 C.F.R. § 351.218(d)(1)(i).

61.     There is no express statutory deadline to file a notice of intent to participate after a sunset review is timely initiated.

62.     Instead, section 1675(c)(3)(A) provides that "[i]f no interested party responds to the notice of initiation under this subsection, the administering authority shall issue a final determination, within 90 days after the initiation of a review, revoking the order or terminating the suspended investigation to which such notice relates." 19 U.S.C. § 1675(c)(3)(A).

63.     The Department's premature initiation coupled with a short 15-day regulatory deadline is inconsistent with the statutory scheme for conducting sunset reviews. Specifically, section 1675(c)(3)(A) provides the Department with 90 days to revoke an antidumping order while providing only 15 days to a domestic interested party such as Archroma to file a notice of intent to participate.

64.     The Department's draconian application of its regulatory deadlines that led to revocation in this case while the Department failed to strictly adhere to other notice requirements is further evidence of abuse of discretion, and arbitrary and capricious decisionmaking by the Department.

65.     Even though § 1675(c)(1) is clear that the Department cannot conduct the Second Sunset Review until after November 27, 2022, the Department in this case decided no later than October 27, 2022 that it would revoke the AD Orders altogether.  There is no reasonable justification to prematurely initiate sunset reviews, require parties to file notices of intent to participate nearly 45 days before the review may be conducted, and require parties to file substantive responses all well before the review is to be conducted pursuant to statute—especially

where the Department stands ready to revoke antidumping orders before the Department even has statutory authority to conduct the sunset review.

66.     The regulatory deadlines issued by the Department in 19 C.F.R. § 351.218(d) exceed the authority granted by Congress to the Department under the Tariff Act.

## PRAYER FOR RELIEF

**WHEREFORE,** Archroma U.S., Inc. respectfully requests that this Court:

A.  Issue a declaratory judgment that the Department and the Commission had no authority to conduct a sunset review of the AD Orders based on any date other than the November 27, 2017 publication of the determination in the First Sunset Review continuing the AD Orders;

B.  Issue a declaratory judgment that the Department's decision to revoke the AD Orders was unlawful;

C.  Issue a declaratory judgment that the Department's deadlines set forth by the Department in 19 C.F.R. § 351.218(d) exceed the authority granted by Congress to the Department to conduct sunset reviews under the Tariff Act;

D.  Issue a declaratory judgment that because the Department's regulatory deadlines set forth in 19 C.F.R. § 351.218(d) exceed the statutory authority granted by Congress, that the Department be ordered to accept all of Archroma's filings made with the Department and Commission in the Second Sunset Review;

E.  Order the agencies to reinitiate the review in accordance with 19 U.S.C. 1675(c);

F.  Enjoin the Department, during the pendency of this proceeding and any related appeal, from issuing instructions to U.S. Customs and Border Protection to terminate the suspension of liquidation of stilbenic optical brightening agents from the People's Republic

#100859696v2

of China or Taiwan entered, or withdrawn from warehouse, for consumption, on or after 12:01 a.m. November 27, 2022; and

G.  Grant Archroma such additional relief as the Court may deem just and proper.

DATED: December 29, 2022

Respectfully submitted,

*/s/ Christopher D. Cazenave*

Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408
Email: ccazenave@joneswalker.com

*Counsel for Archroma, U.S., Inc.*

#100859696v2