**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE**

| | | |
|---|---|---|
| **ARCHROMA U.S., INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Court No. 22-00354** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF COMMERCE and UNITED** | ) | |
| **STATES INTERNATIONAL** | ) | |
| **TRADE COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## ORDER

Upon consideration of the motion of Archroma U.S., Inc. for judgment on the agency record, and all other papers and proceedings herein, it is hereby

**ORDERED,** that Archroma U.S., Inc.'s motion for judgment on the agency record is granted; and it is further

**DECLARED,** that the U.S. Department of Commerce's revocation (effective November 27, 2022) of the antidumping orders on stilbenic optical brightening agents from the People's Republic of China and Taiwan was *ultra vires*;

**ORDERED,** that this proceeding is remanded to the U.S. Department of Commerce;

**ORDERED,** that the U.S. Department of Commerce accept Archroma U.S., Inc.'s Notices of Intent to Participate, filed October 24, 2022, in the second five-year review of antidumping orders on stilbenic optical brightening agents from the People's Republic of China (DOC Case No. A-570-972) and Taiwan (DOC Case No. A-583-848);

**ORDERED,** that the U.S. Department of Commerce accept the substantive responses filed November 1, 2022 in the second five-year review of antidumping orders on stilbenic optical brightening agents from the People's Republic of China (DOC Case No. A-570-972) and Taiwan (DOC Case No. A-583-848);

**ORDERED,** that the U.S. International Trade Commission accept Archroma's response filed November 1, 2022 to the U.S. International Trade Commission's notice of institution of the second five-year review antidumping orders on stilbenic optical brightening agents from the People's Republic of China and Taiwan (ITC Case Nos. 731-TA-1186 and 731-TA-1187);

**ORDERED,** that the U.S. Department of Commerce, pursuant to section 751(c)(3)(B) of the Tariff Act and 19 C.F.R. 351.218(e)(1)(ii)(C)(2), conduct expedited second five-year reviews of the antidumping orders on stilbenic optical brightening agents from the People's Republic of China and Taiwan;

**ORDERED,** that the U.S. International Trade Commission, pursuant to section 751(c)(3) of the Tariff Act (19 U.S.C. 1675(c), conduct expedited second

2

five-year reviews of the antidumping orders on stilbenic optical brightening agents

from the People's Republic of China and Taiwan.

**SO ORDERED.**

_____

Hon. M. Miller Baker, Judge

Dated: _____, 202__
        New York, New York

#101395315v3

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| **ARCHROMA U.S., INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Court No. 22-00354** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF COMMERCE and UNITED** | ) | |
| **STATES INTERNATIONAL** | ) | |
| **TRADE COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## PLAINTIFF'S RULE 56.2 MOTION
## FOR JUDGMENT ON AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Archroma U.S., Inc. ("Petitioner") hereby moves for judgment upon the agency record with respect to the determination of the U.S. Department of Commerce in *Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022).

Petitioner respectfully moves, for the reasons explained in the accompanying memorandum, that this Court find that the following agency decisions were not in accordance with law: (1) the agencies' decision(s) to conduct this sunset review prior to the time specified in 19 U.S.C. 1675(c)(1)(C)—i.e., before the five-year

1

anniversary of Commerce's November 27, 2017 publication of the continuation of the antidumping orders on stilbenic optical brightening agents from the People's Republic of China (the "AD Orders"), (2) Commerce's October 27, 2022 decision provided to the ITC rejecting Archroma's Notice of Intent to Participate, and (3) Commerce's revocation of the AD Orders.

Petitioner further moves that the Court remand this determination to Commerce for disposition consistent with the Court's Final Decision.

Dated: June 26, 2023

Respectfully submitted,

*/s/ Christopher D. Cazenave*
Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408
Email: ccazenave@joneswalker.com

*Counsel for Archroma, U.S., Inc.*

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| **ARCHROMA U.S., INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Court No. 22-00354** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF COMMERCE and UNITED** | ) | |
| **STATES INTERNATIONAL** | ) | |
| **TRADE COMMISSION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON AGENCY RECORD</u>

Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408

*Counsel for Archroma, U.S., Inc.*

**Dated: June 26, 2023**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................1

II.    STATEMENT PURSUANT TO RULE 56.2 .................................1

    A.  Administrative Determination Under Review ...........................1

    B.  Issues Presented for Review ...................................................1

III.   GLOSSARY OF CASE-SPECIFIC ACRONYMS AND
ABBREVIATIONS ....................................................................2

IV.   STATEMENT OF THE FACTS ..................................................2

V.    SUMMARY OF ARGUMENT....................................................5

VI.   STANDARD OF REVIEW..........................................................7

VII.  ARGUMENT...............................................................................9

    A.  The Language of the Tariff Act Is Unambiguous ..................10

    1.  Chevron deference does not apply .......................................10

    2.  The notice of initiation under § 1675(c)(2) does not undercut the
mandate that the review itself must be conducted after the five-year
anniversary of the continuation order ..........................................13

    B.  Even if the Court Finds § 1675(c) to Be Ambiguous, any
Interpretation That Leads to the Revocation of the AD Order Is
Unreasonable ...........................................................................14

    C.  Commerce's 15-Day Regulatory Deadline to File of Notice of Intent
to Participate Is Inconsistent with the Timing Requirements Set Forth
in 19 U.S.C. § 1675(c) ............................................................17

VIII. CONCLUSION..........................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agro Dutch Industries, Ltd. v. United States,*
    508 F.3d 1024 (Fed. Cir. 2007) ..........................................................7, 8, 12, 14

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
    467 U.S. 837 (1984)..................................................................................7, 10

*Diamond Sawblades Mfrs. Coalition v. United States,*
    11 F. Supp. 2d 1303 (Ct. Int'l Trade 2014) ...........................................10, 11, 17

*FDA v. Brown & Williamson Tobacco Corp.,*
    529 U.S. 120 (2000)..........................................................................................7

*Heino v. Shinseki,*
    683 F.3d 1372 (Fed. Cir. 2012) ....................................................................8, 10

*NSK Corp. v. United States Int'l Trade Commission,*
    716 F.3d 1352 (Fed. Cir. 2013) .........................................................................13

*TRW Inc. v. Andrews,*
    534 U.S. 19 (2001).............................................................................................13

*Wheatland Tube Co. v. United States,*
    495 F.3d 1355 (Fed. Cir. 2007) .........................................................................8

**Statutes**

19 U.S.C. § 1675(c) ...............................................................................................passim

19 U.S.C. § 1516a .......................................................................................................7

**Other Authorities**

19 C.F.R. § 351.218 .............................................................................4, 16, 18, 19

## I.     INTRODUCTION

On behalf of Archroma U.S., Inc. ("Petitioner"), we respectfully submit the following brief in support of Petitioner's motion for judgment on the agency record.

## II.    STATEMENT PURSUANT TO RULE 56.2

### A.     Administrative Determination Under Review

The administrative determination under review is the U.S. Department of Commerce's revocation of the antidumping orders on stilbenic optical brightening agents from Taiwan and the People's Republic of China. *See Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022) ("Revocation Order"), Appx001089-001090.

### B.     Issues Presented for Review

1.     Whether the U.S. Department of Commerce's or the U.S. International Trade Commission's decision(s) to conduct this sunset review prior to the time specified in 19 U.S.C. 1675(c)(1)(C)—*i.e.*, before the five-year anniversary of Commerce's November 27, 2017 publication of the continuation of the antidumping orders on stilbenic optical brightening agents from the People's Republic of China (the "AD Orders"), are in accordance with law.

2.      Whether the U.S. Department of Commerce's October 27, 2022

decision provided to the U.S. International Trade Commission rejecting

Archroma's Notice of Intent to Participate was in accordance with law.

3.      Whether the U.S. Department of Commerce's revocation of the AD

Orders was in accordance with law.

## III.    GLOSSARY OF CASE-SPECIFIC ACRONYMS AND ABBREVIATIONS

| | |
|---|---|
| AD Orders | Antidumping orders on stilbenic optical brightening agents from Taiwan and the People's Republic of China |
| ITC | International Trade Commission |
| Commerce | U.S. Department of Commerce |
| First Sunset Review | The first sunset review of the antidumping order in this case that resulted in continuation of the order from the original proceeding.  The continuation order was published on November 27, 2017. |
| Second Sunset Review | The second sunset review of the antidumping order in this case for which Commerce published an initiation of review of October 3, 2022. |
| Petitioner or Archroma | Archroma U.S., Inc. |

## IV.    STATEMENT OF THE FACTS

Archroma is a domestic producer of stilbenic optical brightening agents

("OBA"), which is a chemical used by the paper industry to make paper whiter and

brighter.  Archroma's predecessor, Clariant Corporation, was the original

2

petitioner in the underlying antidumping proceeding that led to the AD Orders. Archroma has participated in all subsequent annual administrative reviews and the First Sunset Review in 2017.

On October 3, 2022, Commerce and the ITC published notices "initiating" and "institut[ing]" a second five-year "sunset" review, respectively. *See Initiation of Five Year (Sunset) Reviews*, 87 Fed. Reg. 59779 (Dep't of Com. Oct. 3, 2022), Appx001122-001123; *see Stilbenic Optical Brightening Agents From China and Taiwan; Institution of Five-Year Reviews*, 87 Fed. Reg. 59827 (Int'l Trade Comm'n Oct. 3, 2022), Appx001257-001260. Archroma filed a notice of appearance with the ITC on October 12, 2022. *See* Appx001304-001305. Archroma filed a notice of intent to participate with Commerce on October 24, 2022, which is 6 days after than the 15-day regulatory deadline (October 18, 2022) from the date of the publication of the October 3, 2022 initiation notice. Commerce rejected Archroma's notice of intent to participate and removed the notice from the record. *See* Appx001011-001012.

On October 27, 2022, Commerce notified the ITC that it would revoke the AD Orders by January 2, 2023 (90 days within issuance of the October 3, 2022 notice) for the sole reason that Archroma filed its notice of intent to participate 6 days after Commerce's 15-day regulatory deadline. *See* Appx001006-001007.

#101395315v3

On November 1, 2022, Archroma timely filed its substantive responses with Commerce, *see* Appx001152-00163, and a response to the ITC's Notice of Institution, *see* Appx001263-1293, pursuant to the agencies' regulatory deadlines for such responses.  Archroma's substantive responses contained all information necessary for Commerce to find a continued likelihood of dumping and for the ITC to find material injury.

Also on November 1, 2022, Archroma filed a motion for leave with Commerce requesting that Commerce accept Archroma's October 24, 2022 notice of intent to participate in the Second Sunset Review.  *See* Appx001014-001016. Commerce denied Archroma's motion for leave the next day on November 2, 2022.  *See* Appx001165-001166.

Archroma subsequently moved for reconsideration of Commerce's denial in which Archroma argued that the agencies' lacked statutory authority to conduct the Second Sunset Review before November 27, 2022, the five-year anniversary of the continuation order from the First Sunset Review. *See* Appx001168-001186.

Commerce denied Archroma's motion for reconsideration on November 30, 2022. *See* Appx001082-001084. Commerce stated that the Second Sunset Review was timely initiated because Commerce's October 3, 2022 notice of initiation was at least 30 days before the five-year anniversary of the ITC's November 1, 2017 injury determination. *See* Appx001082-001084; *see also* 19 C.F.R.

§ 351.218(c)(2); *Certain Stilbenic Optical Brightening Agents From China and Taiwan; Determinations*, 82 Fed. Reg. 50678 (Int'l Trade Comm'n Nov. 1, 2017).

On December 29, 2022, Commerce published the final results of the Second Sunset Review and revoked the AD Orders. *See* Appx001233-1234. The notice provides:

> Because no domestic interested party filed a *timely* notice of intent to participate in these proceedings, consistent with 19 CFR 351.218(d)(1)(iii)(B), we concluded that "no domestic interested party has responded to the notice of initiation under section 751(c)(3)(A) of the Act." Consequently, Commerce is revoking the Orders.

*See Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80162-63 (Dep't of Com. Dec. 29, 2022) (emphasis in original), *see* Appx001233-1234. Archroma appeals the agencies' decision to conduct the Second Sunset Review before they were statutorily authorized to do so, and thus, the revocation of the AD orders must be declared *ultra vires*.

## V.   SUMMARY OF ARGUMENT

Commerce and the ITC are authorized to conduct a review of an antidumping order "five years after the date of publication of [ ] a determination under this section to continue an order or suspension agreement . . ." 19 U.S.C. § 1675(c)(1)(C)(emphasis added). In this case, the five-year anniversary date of Commerce's continuation order from the First Sunset Review was November 27,

#101395315v3

2022. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55990 (Dep't of Com. Nov. 27, 2017). Accordingly, a Second Sunset Review could not be <u>conducted</u> by Commerce until after November 27, 2022.

On October 27, 2022, more than 30 days before the five-year anniversary of the November 27, 2017 continuation order, and before the purported 30-day regulatory deadline for filing substantive briefs, Commerce notified the ITC that it would revoke the AD Orders by January 2, 2023 (90 days within issuance of the October 3, 2022 notice of initiation). *See* Appx001006-001007. The sole basis for Commerce's decision was that Archroma failed to timely file a notice of intent to participate within 15 days of Commerce's notice of initiation of the Second Sunset Review. *See* Appx001006-001007.

The agencies' decision to prematurely conduct the Second Sunset Review was *ultra vires* and set in motion a procedure that resulted in the wrongful revocation of the AD Orders. The agencies acted without statutory authority to conduct the Second Sunset Review of the AD Orders before the fifth anniversary of the November 27, 2017 continuation order, and therefore, the revocation of the AD Orders must be declared *ultra vires*.

#101395315v3

## VI.   STANDARD OF REVIEW

The Court reviews Commerce's and the ITC's actions in antidumping proceedings to ascertain whether the agencies' actions are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). The "otherwise not in accordance with law" standard governs the agencies' interpretations of statutes. To determine whether the agencies' legal interpretation and application of a statute is in accordance with law, the Court uses the two-step test stated by the United States Supreme Court in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984).

Under the first prong of the *Chevron* test, the Court "must first ask 'whether Congress has directly spoken to the precise question at issue.'" *Agro Dutch Industries, Ltd. v. United States,* 508 F.3d 1024, 1030 (Fed. Cir. 2007) (citing *FDA v. Brown & Williamson Tobacco Corp*., 529 U.S. 120, 132 (2000) (quoting *Chevron*, 467 U.S. at 842)). If Congress has spoken to the precise issue, the inquiry stops, and the court "must give effect to the unambiguously expressed intent of Congress." *FDA v. Brown & Williamson Tobacco Corp*., 529 U.S. at 132 (quoting *Chevron*, 467 U.S. at 843). To determine whether the plain language of a statute unambiguously shows the intent of Congress, courts "employ traditional tools of statutory construction and examine 'the statute's text, structure, and legislative

7

history, and apply the relevant canons of interpretation.'" *Heino v. Shinseki*, 683

F.3d 1372, 1378 (Fed. Cir. 2012) (citing *Delverde, SrL v. United States*, 202 F.3d

1360, 1363 (Fed. Cir. 2000)). Further, "a 'term should be construed, if possible, to

give it a consistent meaning throughout' a particular statute." *Agro Dutch*

*Industries*, 508 F.3d at 1032.

      If clear direction is lacking from the statute, the court must then "ask

whether there is ambiguous statutory language that might authorize the agency to

fill a statutory gap," and, in turn, "whether Commerce's interpretation of

ambiguous statutory language is based on a permissible interpretation of the

statute." *Agro Dutch Industries*, 508 F.3d at 1030 (citing *FAG Italia S.p.A. v.*

*United States*, 291 F.3d 806, 815 (Fed. Cir. 2002)). To determine whether an

agency has reasonably interpreted ambiguous statutory language, the courts

consider, among other things, "the express terms of the provisions at issue, the

objectives of those provisions, and the objectives of the antidumping scheme as a

whole." *Wheatland Tube Co. v. United States*, 495 F.3d 1355, 1361 (Fed. Cir.

2007) (citing *NSK Ltd. v. United States*, 217 F. Supp. 2d 1291 (Ct. Int'l Trade

2002)). However, "an agency's interpretation of a statute is not entitled to

deference when it goes beyond the meaning that the statute can bear." *Agro Dutch*

*Industries*, 508 F.3d at 1030 (citing *MCI Telecomms. Corp. v. AT&T Co.*, 512 U.S.

218, 229 (1994)).

#101395315v3

## VII.  ARGUMENT

Title 19 § 1675(c)(1)(C) provides, in relevant part, for Commerce and the ITC (i.e., "administering authority and the Commission") to <u>conduct</u> a sunset review "five years after the date of publication of [ ] a determination under this section to continue an order or suspension agreement . . ." 19 U.S.C. § 1675(c)(1)(C) (emphasis added). Here, the five-year anniversary date of Commerce's continuation order from the First Sunset Review was November 27, 2022.  *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55990 (Dep't of Com. Nov. 27, 2017).  Therefore, a Second Sunset Review could not be <u>conducted</u> by Commerce until after November 27, 2022.

Notwithstanding the unambiguous language in § 1675(c)(1)(C), on October 27, 2022, more than 30 days before the five-year anniversary of the November 27, 2017 continuation order and before the purported 30-day regulatory deadline for filing substantive briefs, Commerce notified the ITC that it would revoke the AD Orders by January 2, 2023 (90 days within issuance of the October 3, 2022 notice). *See* Appx001006-001007.  The basis for Commerce's decision was that Archroma failed to timely file a notice of intent to participate within 15 days of Commerce's notice of initiation of the Second Sunset Review.  *See* Appx001006-001007.

The agencies' decision to prematurely conduct the Second Sunset Review set in motion a procedure that resulted in the revocation of the AD Orders effective November 27, 2022. The agencies acted without statutory authority to conduct the Second Sunset Review of the AD Orders before the fifth anniversary of the November 27, 2017 continuation order.

## A.    The Language of the Tariff Act Is Unambiguous.

### 1.    *Chevron* deference does not apply.

To determine whether the language of a statute clearly shows Congress's intent, courts "employ traditional tools of statutory construction and examine 'the statute's text, structure, and legislative history and apply the relevant canons of interpretation.'" *Heino*, 683 F.3d at 1378 (quoting *Delverde*, 202 F.3d at 1363). If "Congress had an intention on the precise question[s] at issue, that intention is the law and must be given effect." *Chevron*, 467 U.S. at 843 n.9. Here, the statute clearly indicates that Congress intended for five-year reviews of antidumping orders to be <u>conducted</u> on or after the five-year anniversary date of Commerce's continuation order.

As the Court in *Diamond Sawblades* found, the plain meaning of § 1675(c) is unambiguous and, therefore, the agencies are not entitled to any *Chevron* deference in this case. *See Diamond Sawblades Mfrs. Coalition v. United States*, 11 F. Supp. 2d 1303, 1311-12 (Ct. Int'l Trade 2014) ("The plain language

of 19 U.S.C. § 1675(c)(1) requires the Department to commence the sunset review of an antidumping duty order five years after the date of publication of the order in the Federal Register. . . . Here, because there is no gap to be filled, the Department has not sought, and is not entitled to, deference under Chevron.").

Section 1675(c)(1)(C) is unambiguous that Commerce and the ITC shall conduct a review five years after the date of the publication of a continuation order. Commerce's decision, in this case, to <u>conduct</u> the Second Sunset Review, including requiring interested parties to file substantive briefs, before November 27, 2022 shortens the look-back period to less than five years.  This is inconsistent with the plain reading of the statute as well as the purpose of sunset reviews. *See id.* at 1315.

Likewise, section 1675(c)(2) provides that Commerce shall publish a notice of initiation of a review. Again, the unambiguous reading of § 1675(c)(2) is that Commerce shall publish a notice of initiation of—not conduct—the review before the five-year anniversary date.

This is the only interpretation that gives effect to § 1675(c)(2) and § 1675(c)(1)(C). In other words, "[n]ot later than 30 days before the fifth anniversary of the date described in [§1675(c)(1)(C)] . . ." Commerce shall publish a notice of initiation that it will conduct a review after the five-year anniversary of the continuation order.

#101395315v3

Any other interpretation would also lead to absurd results. If the statute gives the agencies the authority to initiate a review anytime not later than 30 days before the fifth anniversary of the continuation order, the agencies could initiate a review 60 days, 180 days, 365 days, *ad infinitum* all the way back to one day after the continuation order.

In summary, the plain language of 19 U.S.C. § 1675(c) permits the agencies to conduct sunset reviews "five years . . . after the date of publication of an antidumping duty order." Congress has expressly defined "antidumping duty order," and the meanings of "date of publication" and "after" are plain. The statute therefore premises the conducting of sunset reviews upon the passage of five years from the previous continuation order. The continuation order from the First Sunset Review in this case was published on November 22, 2017. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55990 (Dep't of Com. Nov. 27, 2017).  As such, the Tariff Act provides the agencies with authority to conduct a sunset review of the AD Orders as of November 27, 2022 onward. Title 19 U.S.C. § 1675(c)(1) "'has a plain and unambiguous meaning with regard to the particular dispute in [this] case,' and [the] inquiry is thus at an end." *See Agro Dutch Industries*, 508 F.3d at 1032-33 (internal citation omitted).

12

**2. The notice of initiation under § 1675(c)(2) does not undercut the mandate that the review itself must be conducted after the five-year anniversary of the continuation order.**

Section 1675(c) is clear as a whole that the sunset review itself is to be conducted after five years have elapsed from the publication date of the antidumping order. This mandate is not undercut by § 1675(c)(2), which calls for Commerce to publish a notice of initiation "[n]ot later than 30 days before the fifth anniversary of the date [of publication of an antidumping duty order]." To find otherwise would be to read 1675(c)(1) as meaningless superfluity and would violate the "'cardinal principle of statutory construction' that 'a statute ought . . . to be so construed [such] that . . . no clause, sentence, or word shall be superfluous . . . .'" *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). The Court should not accept any interpretation by the agency that simply ignores the plain Congressional mandate of § 1675(c).

Here, Commerce initiated the Second Sunset Review before the five-year anniversary of the continuation order.  The review that the agencies conducted was premature and without statutory authority. *See NSK Corp. v. United States Int'l Trade Commission*, 716 F.3d 1352, 1355 (Fed. Cir. 2013) ("Pursuant to 19 U.S.C. § 1675(c), every five years after the issuance of an antidumping duty order, Commerce and the ITC conduct a review of whether an antidumping order is still necessary to protect the domestic industry or whether that order can be sunset.").

13

Because Congress has expressly spoken to the issues raised in this appeal, the agencies' premature Second Sunset Review must be declared *ultra vires*.

**B.      Even if the Court Finds § 1675(c) to Be Ambiguous, any Interpretation That Leads to the Revocation of the AD Orders Is Unreasonable.**

Even if the Court found ambiguity in § 1675(c) with respect to when the agencies may conduct a sunset review, the agencies have not set forth a reasonable interpretation of the statute that supports revocation of the AD Orders in this case. *See Agro Dutch Indus.*, 508 F.3d at 1030.

Commerce is the only agency that even attempted to address the detailed statutory analysis and argument filed by Archroma in multiple briefs seeking reconsideration of Commerce's wrongful revocation of the AD Orders.  And even there, Commerce's response is limited to one paragraph that only addresses the notice of initiation under § 1675(c)(2) without any attempt to analyze § 1675(c) as a whole.  In a two-page November 30, 2022 letter, Commerce stated in one paragraph:

> Moreover, contrary to Archroma's argument that Commerce lacks the statutory authority to initiate the sunset review until October 22, 2022, as Commerce's regulations at 19 CFR 351.218(c)(2) indicate, "no later than 30 days before the fifth anniversary of the last determination by the Commission to continue the order…the Secretary will publish a notice of initiation of a sunset review." Here, the U.S. International Trade Commission's (ITC's) determination notice published on November 1, 2017. Thirty days before the fifth anniversary of the ITC's last determination is Sunday,

14

October 2, 2022; therefore, the Secretary's initiation of the
sunset review on October 3, 2022, is timely.

*See* Appx001226-001228.

Again, Commerce's response above does not address when Commerce may

conduct a review compared to when Commerce may issue its perfunctory notice

of initiation of a sunset review.  The purpose of the notice of initiation is to

determine whether interested parties will seek continuation of the order and

otherwise to prevent the agencies from conducting a full review with respect to

orders in which there is no interest. *See* 19 U.S.C. §§ 1675(c)(2)-(3). If §

1675(c)(1) did not exist, the statute would permit the agencies to conduct a review

at any time up to five years after an antidumping duty order was published or

continued. However, § 1675(c)(1) does exist and it plainly states that reviews are

to be conducted five years after the date of publication of an order (a continuation

order in this case). This language must be given meaning. To give § 1675(c)(1)

meaning, the agencies cannot conduct a sunset review (e.g., require filing of

substantive briefs and issue decisions revoking the AD Orders), until after the

November 27, 2022 five-year anniversary of the continuation order in this case.

Further, in its November 30, 2022 letter denying Archroma's motion for

reconsideration, Commerce states that it had statutory authority to initiate the

Second Sunset Review on October 3, 2022 because the ITC, on November 1, 2017,

determined "that revocation of the [AD Orders] would be likely to lead to

15

continuation or recurrence of material injury . . ." to a U.S. industry. *See* 19 C.F.R. § 351.218(c)(2); *see also Certain Stilbenic Optical Brightening Agents From China and Taiwan; Determinations*, 82 Fed. Reg. 50678 (Int'l Trade Comm'n Nov. 1, 2017), Appx001226-001228.  According to Commerce, October 3, 2022 was 30 days before November 1, 2022.  But November 1, 2022 is not the correct date to calculate the five-year anniversary of a sunset review, as it was not the date on which Commerce published its notice continuing the AD Orders.  And even assuming arguendo that November 1, 2022 is the correct date, the agencies provided only 29-days' notice—not 30-days' notice as required by the statute.[1]

      Commerce's argument demonstrates the arbitrariness of its' decision-making and abuse of discretion in refusing to consider Archroma's timely filed substantive responses. There can be little question that had Archroma filed its notice of intent to participate on October 19, 2022—just one day after Commerce's regulatory deadline of October 18, 2022—that Commerce would still have revoked the AD Orders in this case. Here, Commerce failed to meet its statutorily-mandated notice deadline by one day.  Commerce should be required to strictly adhere to its

---

[1] October 3, 2022 is 29, not 30 days, before November 1, 2022. When counting backwards, it is clear that Commerce should exclude the day of the event that allegedly triggers the period (i.e., November 1, 2022) and, since the last day (i.e., October 2, 2022) fell on a Sunday, the period continues to the previous Friday, which was September 30, 2022. Contrary to Commerce's position, the period does not shorten to the following Monday, October 3, 2022.

16

statutorily-mandated deadlines just like Commerce claims it is strictly adhering to its regulatory deadlines by revoking the AD Orders that are critical to Archroma's protection against dumped imports from China and Taiwan.

**C.    Commerce's 15-Day Regulatory Deadline to File a Notice of Intent to Participate Is Inconsistent with the Timing Requirements Set Forth in 19 U.S.C. § 1675(c).**

The sole reason Commerce provides for its decision to revoke the AD Orders is Commerce's assertion that Archroma did not timely file a notice of intent to participate by October 18, 2022 pursuant to the 15-day deadline set forth in Commerce's regulations. *See* 19 C.F.R. § 351.218(d)(1)(i), Appx001006-001007. There is no similar deadline in the controlling statutes to file a notice of intent to participate.

"The plain language of 19 U.S.C. § 1675(c)(1) requires the Department to commence the sunset review of an antidumping duty order five years after the date of publication of [a determination under this section to continue an order or suspension agreement.]" *See Diamond Sawblades Mfrs. Coalition v. United States*, 11 F. Supp. 2d 1303, 1311-12 (Ct. Int'l Trade 2014). November 27, 2022 is the five-year anniversary date of the November 27, 2017 order in the First Sunset Review to continue the AD Orders. Section 1675(c)(1) is clear that the Second Sunset Review in this case could not be conducted before November 27, 2022.

17

Further, Commerce and the ITC prematurely published notices of initiation of the Second Sunset Review on October 3, 2022. Commerce's regulatory procedures provide that "[w]here a domestic interested party intends to participate in a sunset review, the interested party must, not later than 15 days after the date of publication in the FEDERAL REGISTER of the notice of initiation, file a notice of intent to participate in a sunset review with the Secretary." 19 C.F.R. § 351.218(d)(1)(i). But there is no express statutory deadline to file a notice of intent to participate after a sunset review is timely initiated.

Instead, section 1675(c)(3)(A) provides that "[i]f no interested party responds to the notice of initiation under this subsection, the administering authority shall issue a final determination, within 90 days after the initiation of a review, revoking the order or terminating the suspended investigation to which such notice relates." 19 U.S.C. § 1675(c)(3)(A).  Commerce's premature initiation coupled with a short 15-day regulatory deadline is inconsistent with the statutory scheme for conducting sunset reviews. Specifically, section 1675(c)(3)(A) provides Commerce with 90 days to revoke an antidumping order while providing only 15 days to a domestic interested party such as Archroma to file a notice of intent to participate. Commerce's draconian application of its regulatory deadlines that led to revocation in this case while Commerce itself failed to strictly adhere to other notice requirements is

18

further evidence of abuse of discretion, and arbitrary and capricious decision-making by Commerce.

In particular, even though § 1675(c)(1) is clear that Commerce cannot conduct the Second Sunset Review until after November 27, 2022, Commerce in this case decided no later than October 27, 2022 that it would revoke the AD Orders altogether.  There is no reasonable justification to prematurely initiate sunset reviews, require parties to file notices of intent to participate nearly 45 days before the review may be conducted, and require parties to file substantive responses all well before the review is to be conducted pursuant to statute—especially where Commerce stands ready to revoke antidumping orders before Commerce even has statutory authority to conduct the sunset review.   In sum, the regulatory deadlines issued by Commerce in 19 C.F.R.
§ 351.218(d) exceed the authority granted by Congress to Commerce under the Tariff Act.

## VIII.  CONCLUSION

For the foregoing reasons, we respectfully request that the Court remand the final determination in the underlying investigation to Commerce for disposition consistent with the Court's Final Decision.

#101395315v3

Respectfully submitted,

*/s/ Christopher D. Cazenave*

Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408
Email: ccazenave@joneswalker.com

*Counsel for Archroma, U.S., Inc.*

20

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Memorandum in Support of Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record, as computed by Jones Walker LLP's word processing system (Microsoft Word 365), is 4249 words.

<u>/s/ Christopher D. Cazenave</u>
(Signature of Attorney)

<u>Christopher D. Cazenave</u>
(Name of Attorney)

<u>Archroma U.S., Inc.</u>
(Representative Of)

<u>June 26, 2023</u>
(Date)

21