**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE M. MILLER BAKER**

_____

Court No. 22-00354

_____

**ARCHROMA U.S., INC.,**

*Plaintiff,*

**v.**

**UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION,**

*Defendants,*

and

**THE FONG MIN (TFM) INTERNATIONAL CO. LTD.,**

*Defendant-Intervenor.*

**DEFENDANT UNITED STATES INTERNATIONAL TRADE COMMISSION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD**

HENRY N.L. SMITH
Attorney for Defendant
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC  20436
Telephone (202) 205-3314
Fax: (202) 205-3111

DOMINIC L. BIANCHI
General Counsel
(202) 205-3061

ANDREA C. CASSON
Assistant General Counsel
for Litigation
(202) 205-3105

**DATED:  SEPTEMBER 1, 2023**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

GLOSSARY .......................................................................................... iv

I.  STATEMENT PURSUANT TO RULE 56.2 .............................. 1

A.  Administrative Determination Under
    Review ................................................................................. 1

B.  Questions Presented and Summary of
    Argument ............................................................................ 2

II.  STATEMENT OF FACTS ......................................................... 3

III.  STANDARD OF REVIEW ........................................................ 5

IV.  ARGUMENT ............................................................................. 6

A.  Assessing Interested Party Willingness to
    Participate in a Review Is Not Conducting a
    Review ................................................................................. 7

B.  The Commission Acted in Accordance with
    the Law ............................................................................. 12

V.  CONCLUSION ....................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Allegheny Ludlum Corp. v. United States,*
    30 CIT 1995, 475 F. Supp. 2d 1370 (2006)......................................5, 6

*Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,*
    467 U.S. 837 (1984) ...............................................................2, 5, 6

*King v. Burwell,*
    576 U.S. 473 (2015) ................................................................... 11

*Solar Energy Indus. Ass'n v. United States,*
    553 F. Supp. 3d 1322 (Ct. Int'l Trade 2021) ...................................... 11

*Zenith Radio Corp. v. United States,*
    437 U.S. 443 (1978) ..................................................................... 6

**Statutes**

19 U.S.C. § 1675(c)..........................................................................2, 12

19 U.S.C. § 1675(c)(1) ................................................................ *passim*

19 U.S.C. § 1675(c)(1)(C) ...................................................................... 9

19 U.S.C. § 1675(c)(2) ................................................................... 7, 9, 12

19 U.S.C. § 1675(c)(2)(A) ................................................................... 9, 10

19 U.S.C. § 1675(c)(3) ...................................................................... 9, 11

19 U.S.C. § 1675(c)(3)(A) .......................................................... 7, 9, 10, 13

19 U.S.C. § 1675(c)(3)(B) ...................................................................... 8

19 U.S.C. § 1675(c)(5)(A) ...................................................................... 8

19 U.S.C. § 1675(c)(5)(B) ...................................................................... 8

## TABLE OF AUTHORITIES (cont'd)

**Federal Regulations**                                                                 **Page(s)**

19 C.F.R. § 201.11(b)(4) ...................................................................... 8

19 C.F.R. § 207.60(d) ......................................................................... 8

19 C.F.R. § 207.61(a) .......................................................................... 8

19 C.F.R. § 207.62 .............................................................................. 8

19 C.F.R. § 207.62(d) ......................................................................... 8

19 C.F.R. § 207.63-207.69 .................................................................. 8

**Federal Register Notices**

77 Fed. Reg. 27,419 (Dep't of Com. May 10, 2012) ..................................... 3

77 Fed. Reg. 27,423 (Dep't of Com. May 10, 2012) ..................................... 3

82 Fed. Reg. 16,226 (Int'l Trade Comm'n Apr. 3, 2017) ...................... 3, 4

82 Fed. Reg. 55,990 (Dep't of Com. Nov. 27, 2017) ........................... 4, 13

**Legislative Materials**

H.R. Rep. 103-316, vol. I (1994) ......................................................... 11, 12

Pub. Law 103-465 §§ 102, 220 (Dec. 8, 1994), 108 Stat. 4809 ............... 12

**Rules**

CIT R. 56.2 ....................................................................................... 1

**Treatises**

Norman J. Singer & J.D. Shambie Singer,
    2A Sutherland Statutory Construction (7th ed.) ................................ 11

iii

## <u>GLOSSARY</u>

| Term | Definition |
|---|---|
| Archroma | Archroma U.S., Inc. |
| Commerce | U.S. Department of Commerce |
| Commission | U.S. International Trade Commission |
| SAA | Statement of Administrative Action accompanying the Uruguay Round Agreements Act |

Defendant U.S. International Trade Commission ("Commission") opposes the motion for judgment upon the agency record filed by Plaintiff Archroma U.S., Inc. ("Archroma"), a U.S. producer of stilbenic optical brightening agents. The Commission concurs in the points made in the brief filed by the U.S. Department of Commerce ("Commerce") in defense of its actions. The Commission addresses herein certain facts and law with respect to its termination of the second five-year reviews regarding the antidumping duty orders on stilbenic optical brightening agents from China and Taiwan. The Commission also supports the arguments made by Commerce. We respectfully ask this Court to affirm the Commission's termination of the second five-year reviews at issue in this case.

## I.   STATEMENT PURSUANT TO RULE 56.2

### A.   Administrative Determination Under Review

Plaintiff seeks review of Commerce's final determinations and revocation of the antidumping duty orders on stilbenic optical brightening agents from the People's Republic of China and Taiwan. *See Stilbenic Optical Brightening Agents from People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80,162, 80,163 (Dep't of Com. Dec. 29, 2022), Appx001089-

001090, Appx001233-001234. As a direct result of Commerce's revocation of the orders, the Commission issued a termination of its second five-year reviews of the antidumping duty orders on stilbenic optical brightening agents from China and Taiwan. *See Stilbenic Optical Brightening Agents from China and Taiwan; Termination of Five-Year Reviews*, 88 Fed. Reg. 2,374 (Int'l Trade Comm'n Jan. 13, 2023), Appx001295.

### B.    Questions Presented and Summary of Argument

The Commission concurs in the Questions Presented and Summary of Argument presented in Commerce's brief. The Commission writes separately to emphasize that Plaintiff is mistaken in its belief that the assessment of domestic interested party willingness to participate in a review constitutes "conducting" a review under 19 U.S.C. § 1675(c). The statutory scheme for 19 U.S.C. § 1675(c)(1)-(3), as well as the relevant legislative history of the statute, support the Commission's and Commerce's interpretation, whether examined under the first or second prong of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

## II.   STATEMENT OF FACTS

Plaintiff's Statement of Facts does not fully describe the Commission's role in its termination of its five-year reviews of the antidumping duty orders on stilbenic optical brightening agents from China and Taiwan. Accordingly, the Commission submits its own Statement of Facts in order to describe more fully the procedural history of this case and facts pertinent to the Commission's termination.

On May 10, 2012, Commerce published in the *Federal Register* antidumping orders on certain stilbenic optical brightening agents from China and Taiwan. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,423 (Dep't of Com. May 10, 2012); *Certain Stilbenic Optical Brightening Agents from Taiwan: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,419 (Dep't of Com. May 10, 2012).

On April 3, 2017, the Commission published its institution notice for its first five-year reviews of the orders. *See Certain Stilbenic Optical Brightening Agents from China and Taiwan; Institution of Five-Year*

*Reviews,* 82 Fed. Reg. 16,226 (Int'l Trade Comm'n Apr. 3, 2017). As a result of affirmative determinations from both Commerce and the Commission in the first five-year reviews, on November 27, 2017, Commerce published its notice of continuation of the antidumping duty orders on certain stilbenic optical brightening agents from China and Taiwan. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55,990 (Dep't of Com. Nov. 27, 2017).

On October 3, 2022, the Commission published its institution notice for its second five-year reviews of the orders. *See Stilbenic Optical Brightening Agents from China and Taiwan; Institution of Five-Year Reviews,* 87 Fed. Reg. 59,827 (Int'l Trade Comm'n Oct. 3. 2022), Appx001257-001260. Pursuant to the Commission's institution notice, Archroma timely filed an entry of appearance in the Commission's five-year reviews on October 12, 2022, *see* Appx001304-001305, and subsequently, timely filed a response to the Commission's institution notice on November 1, 2022. Appx001263-001293.

On December 29, 2022, Commerce published its final determinations in its second five-year ("sunset") reviews and revoked the antidumping

4

duty orders. *See* 87 Fed. Reg. at 80,162-63, Appx001089-001090, Appx001233-001234. Also on December 29, 2022, Plaintiff filed its first, but untimely, summons and complaint against both Commerce and the Commission commencing this action. *See* Summons and Compl. (Dec. 29, 2022) (ECF Nos. 1 and 2).

As a direct result of Commerce's December 29, 2022 final determinations and revocation of the orders, on January 13, 2023, the Commission published a notice terminating its second five-year reviews. *See* 88 Fed. Reg. at 2,374, Appx001295. On February 10, 2023, Plaintiff filed a motion for leave to file its first supplemental complaint against both Commerce and the Commission, which was within 30 days of the Commission's termination notice. *See* Mot. for Leave (Feb. 10, 2023) (ECF No. 23).

## III.  STANDARD OF REVIEW

The Commission concurs in the standard of review discussion set out in Commerce's brief.

Of particular importance for this case, in reviewing the Commission's construction of a statute, this Court "applies the *Chevron* two-prong analysis, which first looks at whether Congress has spoken directly to

5

the issue." *Allegheny Ludlum Corp. v. United States*, 30 CIT 1995, 1998, 475 F. Supp. 2d 1370, 1375 (2006) (*citing Chevron,* 467 U.S. at 842-43). If the intent of the statute is clear, then "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. However, "where Congressional intent is unclear, 'the court does not simply impose its own construction on the statute … {r}ather ... the question for the court is whether the agency's {action} is based on a permissible construction of the statute.'" *Allegheny Ludlum*, 30 CIT at 1998, 475 F. Supp. 2d at 1375 (quoting *Chevron*, 467 U.S. at 843). Moreover, so long as the agency's construction is a reasonable one, it "need not be the only reasonable interpretation, or even the most reasonable interpretation." *Id.* at 1998, 475 F. Supp. 2d at 1375 (citing *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450 (1978)).

## IV.   ARGUMENT

As noted above, the Commission concurs in the arguments set out in Commerce's brief. The Commission writes separately to emphasize that Plaintiff is mistaken in its brief as to what it means to "conduct" a review pursuant to section 1675(c)(1) of Title 19 of the U.S. Code.

### A.   Assessing Interested Party Willingness to Participate in a Review Is Not Conducting a Review

Plaintiff argues that Commerce and the Commission were not authorized to "conduct" their reviews until after the five-year anniversary date on November 27, 2022. Plaintiff further argues that Commerce and the Commission prematurely conducted their reviews by initiating their reviews early, requiring parties to file notices of intent to participate and substantive responses, and "stand{ing} ready to <u>revoke</u> {the} antidumping orders," all before November 27, 2022. *See* Plaintiff's Br. at 9-10, 11-13, 15, 17, 19 (ECF No. 35). Plaintiff is mistaken, however, as to what it means to "conduct" a review.

While section 1675(c)(1) requires that Commerce and the Commission "conduct" a review five years after the date of publication of a determination to continue an order, sections 1675(c)(2) and (c)(3)(A) authorize Commerce to initiate its review and assess interested party willingness to participate in the review at least 30 days prior to the date when it and the Commission must begin conducting their reviews. If no such willingness exists, Commerce is

7

authorized to revoke the orders within 90 days of initiation.[1] Such an

initiation and assessment of willingness is not conducting a review

pursuant to section 1675(c)(1), as Plaintiff contends. Rather, it is a

means of eliminating the need to conduct an unnecessary review in the

interest of administrative efficiency.[2]

Section 1675(c)(1) requires Commerce and the Commission to

conduct their reviews every five years after publication of a

---

[1] The Commission, unlike Commerce, is not required by statute to initiate its review at least 30 days prior to the date when it must begin conducting its review. However, as a matter of practice and because the statute contemplates simultaneous five-year reviews by both agencies, the Commission publishes a notice of institution on the same day that Commerce publishes its initiation notice and requires interested parties to file an entry of appearance within 21 days and respond to its institution notice within 30 days. *See* 19 C.F.R. §§ 201.11(b)(4), 207.60(d), 207.61(a).

[2] The Commission "conducts" a review after it assesses the adequacy of aggregate interested party responses to its notice of institution and votes on whether to conduct a full or expedited review. *See* 19 C.F.R. § 207.62. In the case of an expedited review, the Commission has 150 days after Commerce's initiation to issue its final determination, which may be extended an additional 90 days. *See* 19 U.S.C. §§ 1675(c)(3)(B), (c)(5)(B). The Commission conducts an expedited review by preparing and placing on the record a staff report containing information concerning the subject matter of the review, collecting comments from the parties on what determination the Commission should reach in the review, and issuing a final determination. *See* 19 C.F.R. § 207.62(d). In the case of a full review, the Commission has 360 days after Commerce's initiation to make its final determination, which may be extended an additional 90 days. *See* 19 U.S.C. §§ 1675(c)(5)(A), (B). The Commission conducts a full review by circulating draft questionnaires to the parties for comment, preparing and placing on the record a prehearing staff report, collecting prehearing briefs from the parties, conducting a hearing, collecting posthearing briefs and final comments from the parties, preparing and placing on the record a final version of the staff report, and issuing a final determination. *See* 19 C.F.R. § 207.63-207.69.

determination to continue an antidumping duty order (in the case of any review after the initial review) to determine whether revocation of an antidumping duty order would be likely to lead to continuation or recurrence of dumping and material injury. *See* 19 U.S.C. § 1675(c)(1)(C). Section 1675(c)(2) requires Commerce to publish a notice of initiation of a review no later than 30 days before the five-year anniversary date and, at that time, to request that interested parties submit, among other information, "a statement expressing their willingness to participate in the review." *See* 19 U.S.C. § 1675(c)(2)(A). Section 1675(c)(3) requires Commerce to revoke the order within 90 days of initiation of the review if no interested party responds to the notice of initiation. *See* 19 U.S.C. § 1675(c)(3)(A).

On its face, and taking into account the entire statutory scheme, assessing interested party willingness under section 1675(c)(2)(A) and (3)(A) does not constitute conducting a review under section 1675(c)(1). Sections 1675(c)(2)(A) and (3)(A), together, authorize Commerce to assess interested party willingness to participate in a review at least 30 days prior to the date when it and the Commission are required to conduct their reviews, and if no such willingness exists, rather than

9

conduct an expedited or full review, Commerce is authorized to revoke the order within 90 days. If, however, there is interested party willingness to participate in the reviews, Commerce and the Commission must then, pursuant to section 1675(c)(1), begin conducting their reviews to determine whether revocation of the order would be likely to lead to continuation or recurrence of dumping and material injury five-years after the publication of a determination to continue the order.

Plaintiff lists actions taken by the agencies prior to November 27, 2022: initiating/instituting the reviews, requiring a notice of intent to participate from a domestic interested party, requiring interested party responses to the notices of initiation/institution, and Commerce notifying the Commission that it did not receive a timely notice of intent to participate from a domestic interested party. *See* Plaintiff's Br. at 15, 19. Despite Plaintiff's allegation that these actions constituted "conduct{ing}" the reviews pursuant to section 1675(c)(1), all of these actions were actually part of the initiation and assessment of interested party willingness stage of the review pursuant to sections 1675(c)(2)(A) and (3)(A).

Thus, looking "'to the broader structure of the {statute} to determine the meaning' of specific language," it is apparent that the actions taken by Commerce and the Commission here did not constitute conducting a review under section 1675(c)(1). *Solar Energy Indus. Ass'n v. United States*, 553 F. Supp. 3d 1322, 1341 (Ct. Int'l Trade 2021) (quoting *King v. Burwell*, 576 U.S. 473, 492 (2015)); *see also* Norman J. Singer & J.D. Shambie Singer, 2A Sutherland Statutory Construction § 46:5 (7th ed.) ("{E}ach part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole.").

Indeed, this interpretation is consistent with the statutory scheme of section 1675(c)(1)-(3), as well as the statute's legislative history. The Statement of Administrative Action accompanying the Uruguay Round Agreements Act ("SAA") states, in relevant part:

> New section 751(c)(3) {1675(c)(3)} is intended to eliminate needless reviews. This section will promote administrative efficiency and ease the burden on the agencies by eliminating needless reviews while meeting the requirements of the Agreements. If parties provide no or inadequate information in response to a notice of initiation, it is reasonable to conclude that they would not provide adequate information *if the agencies conducted a full-fledged review*. However, when there is sufficient willingness to participate and

11

> adequate indication that parties will submit information requested throughout the proceeding, the agencies will conduct a full review.

H.R. Rep. 103-316, vol. I, at 880 (1994) (emphasis added).[3] As the statutory scheme of section 1675(c)(1)-(3) and the legislative history accompanying this statute make clear, assessing interested party willingness to participate in a review at the initiation stage is not conducting a review pursuant to section 1675(c)(1). On the contrary, it is a means of promoting administrative efficiency and easing the burden on the agencies by identifying needless reviews before the time to conduct a review under section 1675(c)(1) even arrives.

## B.    The Commission Acted in Accordance with the Law

In this case, Commerce and the Commission acted fully in accordance with the law. In accordance with section 1675(c)(2), Commerce published its notice of initiation of the reviews on October 3, 2022, which was more than thirty days prior to the five-year anniversary of the November 27, 2017 publication of Commerce's notice of continuation of the orders. *See* 87 Fed. Reg. at 59,779-80,

---

[3] The SAA is an authoritative expression by the United States concerning the interpretation and application of the Uruguay Round Agreements Act, which passed into law 19 U.S.C. § 1675(c). *See* Pub. Law 103-465 §§ 102, 220 (Dec. 8, 1994), 108 Stat. 4809, 4819, 4861.

Appx001000-001001, Appx001122-001123; 82 Fed. Reg. at 55,990.

On October 27, 2022, Commerce sent a letter to the Commission indicating that no domestic interested party submitted a timely notice of intent to participate and that Commerce would issue a final determination revoking the orders pursuant to section 1675(c)(3)(A). *See* Appx001006-001007, Appx001140-001141. Thus, as of this date, the Commission was informed of Commerce's assessment of interested party willingness to participate in the reviews.

Commerce published its final determinations in the reviews and revoked the orders on December 29, 2022, which was within 90 days of its initiation of the reviews in accordance with section 1675(c)(3)(A). *See* 87 Fed. Reg. at 80,162-63, Appx001089-001090, Appx001233-001234. Consequently, because the orders under the Commission's review had been revoked, the Commission published its notice on January 13, 2023, terminating its second five-year reviews. *See* 88 Fed. Reg. at 2,374, Appx001295. Both Commerce's final determinations in the reviews and revocation of the orders and the Commission's termination were issued after November 27, 2022, the date when the agencies were authorized to begin conducting their reviews.

13

## V.   CONCLUSION

For all of the foregoing reasons and the reasons stated in Commerce's brief, we respectfully request that the Court affirm the Commission's termination of its five-year reviews of the antidumping duty orders on stilbenic optical brightening agents from China and Taiwan.

Respectfully submitted,

Dominic L. Bianchi
General Counsel

*/s/ Andrea C. Casson*
Andrea C. Casson
Assistant General Counsel for
Litigation

*/s/ Henry N.L. Smith*
Henry N.L. Smith
Attorney-Advisor
Office of the General Counsel
U.S. International Trade
Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3314
Facsimile: (202) 205-3111
henry.smith@usitc.gov

*Attorneys for Defendant U.S.*
*International Trade Commission*

Dated: September 1, 2023

14

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the

attached **DEFENDANT UNITED STATES INTERNATIONAL TRADE**

**COMMISSION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR JUDGMENT ON THE AGENCY RECORD** contains 2,688 words,

according to the word-count function of the word processing system used to prepare

this brief (Microsoft Word 2010).


Dated: September 1, 2023               */s/ Henry N.L. Smith*
                                  Henry N.L. Smith
                                  Attorney-Advisor
                                  Office of the General Counsel
                                  U.S. International Trade Commission
                                  500 E Street, SW
                                  Washington, DC 20436
                                  Telephone: (202) 205-3314
                                  Facsimile: (202) 205-3111
                                  henry.smith@usitc.gov

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| ARCHROMA U.S., INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Court No. 22-00354 |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| COMMERCE and UNITED STATES | ) |
| INTERNATIONAL TRADE COMMISSION, | ) |
| | ) |
|     Defendants, | ) |
| | ) |
|     and | ) |
| | ) |
| THE FONG MIN (TFM) INTERNATIONAL | ) |
| CO. LTD., | ) |
| | ) |
|     Defendant-Intervenor. | ) |
| | ) |

## ORDER

Upon consideration of the motion for judgment upon the administrative record filed by Plaintiff, responses thereto, Plaintiff's reply, the administrative record, and all other pertinent papers, it is hereby

ORDERED that Plaintiff's motion is DENIED;

ORDERED that the Department of Commerce's determination is affirmed in all respects;

ORDERED that the U.S. International Trade Commissions' termination is affirmed in all respects; and it is further

ORDERED that judgment is entered in favor of the United States.

Dated: _____        _____
      New York, N.Y.                JUDGE M. MILLER BAKER

16