IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

ARCHROMA U.S., INC.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendants,

and

THE FONG MIN (TFM) INTERNATIONAL CO. LTD.,

Defendant-Intervenor.

Court No. 22-00354

ORDER

Upon consideration of the motion for judgment upon the administrative record filed by plaintiff, responses thereto, and all other pertinent papers, it is hereby

ORDERED that plaintiff's motion is DENIED;

ORDERED that the Department of Commerce's determination is affirmed in all respects; and it is further

ORDERED that judgment is entered in favor of the defendants.

Dated: ____________________ ____________________________

New York, N.Y. JUDGE M. MILLER BAKER

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

ARCHROMA U.S., INC.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION,

Defendants,

and

THE FONG MIN (TFM) INTERNATIONAL CO. LTD.,

Defendant-Intervenor.

Court No. 22-00354

RESPONSE OF UNITED STATES DEPARTMENT OF COMMERCE TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

AYAT MUJAIS
Senior Attorney
Office of the Chief Counsel for Trade
Enforcement & Compliance
U.S. Department of Commerce

GEOFFREY M. LONG
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-0159
Geoffrey.M.Long@usdoj.gov

September 1, 2023

Attorneys for the United States
Department of Commerce

# TABLE OF CONTENTS

STATEMENT PURSUANT TO RULE 56.2 ....................2

I. The Administrative Determination Under Review ....................2

II. The Issues Presented For Review ....................2

STATEMENT OF FACTS ....................3

I. Sunset Reviews In Antidumping Duty Proceedings ....................3

II. Commerce Revoked The Antidumping Orders On Optical Brightening Agents From China And Taiwan Because No Domestic Interested Party Filed A Notice Of Intent To Participate In A Sunset Review ....................5

SUMMARY OF THE ARGUMENT ....................7

ARGUMENT ....................8

I. Standard Of Review ....................8

II. Section 1675(c) Did Not Prohibit Commerce From Publishing The Notice Of Initiation On October 3, 2022 ....................9

III. Commerce's Regulatory Deadline For Notices Of Intent To Participate Is Consistent With 19 U.S.C. § 1675(c)....................17

CONCLUSION ....................19

TABLE OF AUTHORITIES

Cases

*BMW of N. Am. LLC v. United States*, 926 F.3d 1291 (Fed. Cir. 2019)........... 12, 15

*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).......12

*Diamond Sawblades Mfr. Coal. v. United States*, 11 F. Supp. 3d 1303 (Ct. Int'l Trade 2014) ..........................................................................................16

*Dongtai Peak Honey Indus. Co. v. United States*, 777 F.3d 1343 (Fed. Cir. 2015)..........................................................................................................9

*Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d 1234 (Ct. Int'l Trade 2014) ............................................................................................9

*Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034 (Fed. Cir. 1996)............................8

*Mid Continent Steel & Wire, Inc. v. United States*, 941 F.3d 530 (Fed. Cir. 2019)........................................................................................................14

*Thai Plastic Bags Indus. Co. v. United States*, 746 F.3d 1358 (Fed. Cir. 2014)........................................................................................................12

*United States v. Eurodif S.A.*, 555 U.S. 305 (2009)..................................................8

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519 (1978) ................................................................................... 9, 12

*Yantai Timken Co. v. United States*, 300 F. App'x 934 (Fed. Cir. 2008)........... 9, 19

*Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356 (Ct. Int'l Trade 2007)................................................................................................... 9, 19

Statutes

19 U.S.C. § 1516a(b)(1)(B) ......................................................................................8

19 U.S.C. § 1675 .......................................................................................................10

19 U.S.C. § 1675(c) ........................................................................................ 11, 13

19 U.S.C. § 1675(c)(1) ........ 8

19 U.S.C. § 1675(c)(1)(C) ........ 3

19 U.S.C. § 1675(c)(2) ........ 12, 16

19 U.S.C. § 1675(c)(2) ........ 3

19 U.S.C. § 1675(c)(3)(A) ........ 3

19 U.S.C. § 1675(c)(3)(A) ........ 4

19 U.S.C. § 1675(c)(5)(A) ........ 5, 18

19 U.S.C. § 1675(c)(A) ........ 10

19 U.S.C. § 3512(d) ........ 14

Regulations

19 C.F.R. § 351.218(d) ........ 11

19 C.F.R. § 351.218(d)(1) ........ 4, 6, 9

19 C.F.R. § 351.218(d)(1)(iii) ........ 17

19 C.F.R. § 351.218(d)(3)(B) ........ 5

19 C.F.R. § 351.218(d)(3)(i) ........ 18

19 C.F.R. § 351.218(d)(ii) ........ 4

19 C.F.R. § 351.218(e)(2)(1) ........ 13

19 C.F.R. § 351.218(f)(1) ........ 5

19 C.F.R. § 351.218(f)(3)(i) ........ 5, 18

19 C.F.R. § 351.302(c) ........ 9

19 U.S.C. § 1675(c)(3) ........ 14

Federal Register Notices

*Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Advance Notification of Sunset Review*, 87 Fed. 53,718 (Dep't Commerce Sept. 1, 2022) ....................6

*Certain Stilbenic Optical Brightening Agents from Taiwan: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,419 (Dep't Commerce May 10, 2012) ....................6

*Certain Stilbenic Optical Brightening Agents From the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55,990 (Dep't Commerce Nov, 27. 2017)....................6

*Certain Stilbenic Optical Brightening Agents from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,423 (Dep't Commerce May 10, 2012) ....................5

*Initiation of Five Year (Sunset) Reviews,* 87 Fed. Reg. 59,779 (Dep't Commerce Oct. 3, 2022) ....................6

*Procedures for Conducting Five-year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders*, 63 Fed. Reg. 13,516 (Dep't Commerce Mar. 20, 1998)....................18

*Stilbenic Optical Brightening Agents from China and Taiwan: Institution of Five-Year Reviews,* 87 Fed. Reg. 59,827 (Int'l Trade Comm'n Oct. 3, 2022)....................6

*Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80,162 (Dep't Commerce Dec. 29, 2022) ....................2

Other Authorities

Statement of Administrative Action accompanying the Uruguay Round Agreements Act (URAA), H.R. Doc. No. 316, 103d Cong., 2d Session (1994) ....................14

GLOSSARY

| | |
|---|---|
| SAA: | Statement of Administrative Action |
| Stilbenic OBAs: | Stilbenic Optical Brightening Agents |
| URAA: | Uruguay Round Agreements Act |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ARCHROMA U.S., INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>Defendants,<br><br>and<br><br>THE FONG MIN (TFM) INTERNATIONAL CO. LTD.,<br><br>Defendant-Intervenor. | Court No. 22-00354 |

RESPONSE OF UNITED STATES DEPARTMENT OF COMMERCE TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of this Court, the United States Department of Commerce respectfully responds to the motion for judgment upon the agency record (ECF No. 35) filed by plaintiff Archroma U.S., Inc. Archroma challenges certain aspects of the final results of the U.S. Department of Commerce's sunset reviews of the antidumping duty orders covering stilbenic

optical brightening agents (stilbenic OBAs) from China and Taiwan. Among other things, Archroma challenges Commerce's revocation of the orders. Archroma's claims are without merit. Because Commerce's determination is otherwise in accordance with law, the revocation should be sustained in all respects. Accordingly, we respectfully request that the Court deny Archroma's motion and enter judgment in Commerce's favor.

## STATEMENT PURSUANT TO RULE 56.2

### I. The Administrative Determination Under Review

Archroma challenges *Stilbenic Optical Brightening Agents from the People's Republic of China and Taiwan: Final Results of Sunset Reviews and Revocation of Order*, 87 Fed. Reg. 80,162 (Dep't Commerce Dec. 29, 2022) (*Revocation Order*). Appx001089-001090, Appx001233-001234.[1]

### II. The Issues Presented For Review

1. Whether Commerce's issuance of the notice of initiation of the sunset reviews, on October 3, 2023, was in accordance with law.

2. Whether Commerce's regulations, establishing a 15-day deadline for domestic interested parties to submit notices of intent to participant in response to Commerce's notice of initiation of a sunset review, are in accordance with law.

---

[1] In this brief, we provide parallel record citations to Commerce's proceedings for stilbenic OBAs from China (A-570-972) and stilbenic OBAs from Taiwan (A-583-848).

## STATEMENT OF FACTS

### I. Sunset Reviews In Antidumping Duty Proceedings

Section 1675(c) of title 19 provides that "5 years after the publication of . . . a determination under this section to continue an {antidumping} order," Commerce "shall conduct a review to determine . . . whether revocation of the . . . antidumping duty order . . . would be likely to lead to continuation or recurrence of dumping." 19 U.S.C. § 1675(c)(1)(C). The statute further provides that "{n}ot later than 30 days before the fifth anniversary" of the publication date of the prior continuation order, Commerce "shall publish in the Federal Register a notice of initiation of a review . . . and request that interested parties submit" a statement indicating their willingness to participate in the review, a statement regarding the likely effect of revocation of the order, and such other information or industry data as Commerce may specify. *Id.* at § 1675(c)(2). Congress has mandated that "{i}f no interested party responds to the notice of initiation under this subsection, {Commerce} shall issue a final determination, within 90 days after the initiation of a review, revoking the order . . . to which such notice relates." *Id.* at § 1675(c)(3)(A).

To effectuate these statutory requirements, Commerce has established regulatory procedures for domestic interested parties to communicate to Commerce their intent to participate in a sunset review. Specifically, "{w}here a domestic

interested party intends to participate in a sunset review, the interested party must, not later than 15 days after the date of publication in the Federal Register of the notice of initiation, file a notice of intent to participate in a sunset review with the Secretary." 19 C.F.R. § 351.218(d)(1). The notice of intent to participate must include a statement expressing the domestic interested party's intent to participate, as well as (1) contact information for the domestic interested party and the statutory basis for interested party status; (2) a statement addressing whether the domestic producer is related to certain types of foreign producers or exporters, and whether the domestic producer is an importer of the subject merchandise or related to an importer; (3) contact information for legal counsel or another representative; (4) identification of the subject merchandise and country subject to the review; and (5) the *Federal Register* citation and publication date for the notice of initiation. *Id.* at § 351.218(d)(ii).

Consistent with the statutory requirement that an antidumping order be revoked if no interested party responds to the notice of initiation, Commerce's regulations specify that if no domestic interested party files a notice of intent to participate in the sunset review, the Secretary of Commerce "will": (1) conclude that no domestic interested party has responded to the notice of initiation under 19 U.S.C. § 1675(c)(3)(A); (2) notify the International Trade Commission (ITC) of

such; and (3) not later than 90 days after publication of the notice of initiation, "issue a final determination revoking the order." 19 C.F.R. § 351.218(d)(3)(B).

Congress has imposed statutory deadlines on Commerce for the completion of sunset reviews. "Unless the review has been completed" due to the lack of any response to the notice of initiation (or because all responses were inadequate), Commerce generally must make its final determination in a sunset review within 240 days of initiation. 19 U.S.C. § 1675(c)(5)(A); *see* 19 C.F.R. § 351.218(f)(3)(i). To meet the statutory deadline, Commerce "normally will issue its preliminary results in a full sunset review not later than 110 days after the date of publication in the Federal Register of the notice of initiation." *Id.* at § 351.218(f)(1).

## II. Commerce Revoked The Antidumping Orders On Optical Brightening Agents From China And Taiwan Because No Domestic Interested Party Filed A Notice Of Intent To Participate In A Sunset Review

On May 10, 2012, Commerce published the antidumping duty orders on optical brightening agents from China and Taiwan. *See Certain Stilbenic Optical Brightening Agents from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,423 (Dep't Commerce May 10, 2012), *and Certain Stilbenic Optical Brightening Agents from Taiwan: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 77 Fed. Reg. 27,419 (Dep't

Commerce May 10, 2012). Commerce published the most recent continuation of the orders on November 27, 2017. *Certain Stilbenic Optical Brightening Agents From the People's Republic of China and Taiwan: Continuation of Antidumping Duty Orders*, 82 Fed. Reg. 55,990 (Dep't Commerce Nov, 27. 2017).

On September 1, 2022, Commerce published advance notice that the agency was scheduled to initiate sunset reviews for the orders, in October 2023. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Advance Notification of Sunset Review*, 87 Fed. 53,718 (Dep't Commerce Sept. 1, 2022). On October 3, 2022, Commerce published a notice of initiation of the sunset reviews for the orders, pursuant to 19 U.S.C. § 1675(c)(2). *See Initiation of Five Year (Sunset) Reviews,* 87 Fed. Reg. 59,779 (Dep't Commerce Oct. 3, 2022), Appx001000-001001, Appx001122-001123; *see also Stilbenic Optical Brightening Agents from China and Taiwan: Institution of Five-Year Reviews,* 87 Fed. Reg. 59,827 (Int'l Trade Comm'n Oct. 3, 2022), Appx001257-001260. The 15-day regulatory deadline for interested parties to file a notice of intent to participate therefore was October 18, 2022, pursuant to 19 C.F.R. § 351.218(d)(1).

Archroma attempted to file with Commerce a notice of intent to participate in the reviews on October 24, 2022, six days after the regulatory deadline expired. *See* Appx001011-001012, Appx001137-001139. On October 28, 2022, Commerce rejected Archroma's attempted filing as untimely. Appx001011-001012,

Appx001142-001143. Commerce also determined that, because no domestic interested party responded to the notice of initiation or filed a timely notice of intent to participate, it would inform the ITC that it was revoking the orders. Appx001006-001007, Appx001140-001141.

On November 1, 2022, Archroma requested that Commerce accept Archroma's untimely notice of intent to participate in the sunset reviews. Appx001014-001016, Appx001148-001150. Commerce denied Archroma's request on November 2, 2022. Appx001035-001036, Appx001165-001166. On November 11, 2022, Archroma filed with Commerce a motion for reconsideration of the denial, which Archroma supplemented on November 17, 2022. Appx001038-001056, Appx001168-001186. Commerce denied Archroma's motion for reconsideration on November 30, 2022. Appx001082-001084, Appx001226-001228. On December 29, 2022, Commerce published the final results of the sunset reviews and revoked the antidumping duty orders. Appx001089-001090, Appx001233-001234. Archroma has now appealed the revocation of the orders.

## SUMMARY OF THE ARGUMENT

Archroma presents two specific issues. The first is whether Commerce's initiation of the second sunset reviews was contrary to 19 U.S.C. § 1675(c)(1). It was not, because read as a whole the statute clearly differentiates between, on the

one hand, the predicate process of determining whether a full review will be required, and, on the other, the conduct of a full review. To the extent the Court concludes that Congress has not directly spoken to this issue, the Court should conclude that Commerce has arrived at a permissible construction of the statute.

Commerce's 15-day regulatory deadline for the submission of notices of intent to participate, in response to a notice of initiation, is not contrary to 19 U.S.C. § 1675(c)(1). The deadline serves the purpose of increasing administrative efficiency and is a lawful exercise of Commerce's discretion in setting and enforcing deadlines.

## ARGUMENT

### I. Standard Of Review

This Court sustains "'any determination, finding, or conclusion found' by Commerce unless it is 'unsupported by substantial evidence upon the record, or otherwise not in accordance with law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)); *see also United States v. Eurodif S.A.*, 555 U.S. 305, 316 n.6 (2009).

"Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def.*

*Council, Inc.*, 435 U.S. 519, 543 (1978) (quotations and citations omitted). This Court thus has held that "{Commerce} has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement of time limits." *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1370 (Ct. Int'l Trade 2007), *aff'd*, 300 F. App'x 934 (Fed. Cir. 2008); *Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d 1234, 1239 (Ct. Int'l Trade 2014), *aff'd*, 777 F.3d 1343 (Fed. Cir. 2015).

## II. Section 1675(c) Did Not Prohibit Commerce From Publishing The Notice Of Initiation On October 3, 2022

Before addressing the merits of Archroma's arguments, it is useful to first establish what is not at issue in this case. Archroma does not contend that it timely met Commerce's deadline for submitting a notice of intent to participate. That deadline was October 18, 2022, set pursuant to 19 C.F.R. § 351.218(d)(1). Nor does Archroma assert that extraordinary circumstances justified Archroma's failure to file either a timely notice of intent to participate or a timely extension request.[2]

[2] Commerce will consider untimely extension requests, to the extent the filing party can demonstrate that extraordinary circumstances justify the failure to timely file an extension request. *See* 19 C.F.R. § 351.302(c) (providing that Commerce may accept untimely extension requests where the party making the request demonstrates extraordinary circumstances). Archroma in its motion for judgment on the agency record does not use the term "extraordinary circumstances," much less does Archroma claim that they were present here.

Also not at issue is Commerce's timing with respect to the deadline for the submission of substantive briefs, or with respect to the revocation of the orders pursuant to 19 U.S.C. § 1675. Archroma does argue that "agencies cannot conduct a sunset review (*e.g.*, require filing of substantive briefs and issue decisions revoking the AD Orders), until after the November 27, 2022 five-year anniversary of the continuation order in this case." Pl. Mot. at 15. But Commerce's revocation of the orders was not based on Archroma's failure to file a "substantive brief{}." *Id.* Instead, the basis for the *Revocation Order* was that no domestic interested party responded to the notice of initiation of the sunset reviews by the applicable deadline, and that 19 U.S.C. § 1675(c)(3)(A) requires Commerce to revoke an antidumping order "{i}f no interested party responds to the notice of initiation." Appx001089-001090, Appx001233-001234.[3]

Because Commerce's revocation was not based on Archroma's failure to file a substantive brief, that aspect of Commerce's sunset review procedure is not at issue in this case. Archroma similarly can make no argument regarding the timing of Commerce's issuance of the "decision{} revoking the AD Orders," Pl. Mot. at 15, as the orders were not revoked until December 29, 2022, effective "on or after

[3] Archroma effectively concedes this point, admitting that "{t}he basis for Commerce's decision was that Archroma failed to timely file a notice of intent to participate within 15 days of Commerce's notice of initiation of the Second Sunset Review." Pl. Mot. at 9 (citing Appx001006-001007).

November 27, 2022." Appx001089, Appx01234.[4] Thus, even if the Court were to accept Archroma's interpretation of 19 U.S.C. § 1675(c) – which it should not do for the reasons discussed below – the *Revocation Order* was issued more than five years after November 27, 2017, and it therefore was not "premature{e}." Pl. Mot. at 6 (claiming that "the decision to prematurely conduct the Second Sunset Review was *ultra vires* and set in motion a procedure that resulted in the wrongful revocation of the AD Orders").

With the above issues not before the Court, Archroma's motion is limited to asserting that Commerce's notice of initiation was "prematurely published," Pl. Mot. at 18, and that "the regulatory deadlines issued by Commerce in 19 C.F.R. § 351.218(d) exceed the authority granted by Congress to Commerce under the Tariff Act." *Id.* at 19. Archroma faces an uphill battle in making these assertions, given the Supreme Court's clear instruction that "{a}bsent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties."

[4] Archroma mistakenly focuses on Commerce's notification to the ITC, on October 27, 2022, that Commerce would "issue a final determination revoking these orders within 90 days of initiation," *i.e.*, by January 2, 2023. *See* Pl. Mot. at 3 (citing Appx001006-001007). The notification merely advised the ITC of an upcoming revocation of the orders. Appx001006, Appx001140. The notification was not itself a "decision{} revoking the AD Orders," Pl. Mot. at 15, but rather was a notification of future action.

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (quotations and citations omitted).

Commerce's actions were well within the scope of its statutory authority. First, the notice of initiation was not "prematurely published" in violation of 19 U.S.C. § 1675(c)(2). Pl. Mot. at 18. This Court will evaluate Commerce's interpretation of a statute in accordance with *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *BMW of N. Am. LLC v. United States*, 926 F.3d 1291, 1298 (Fed. Cir. 2019). Under the *Chevron* framework, the Court first examines "'whether Congress has directly spoken to the precise question at issue.'" *Id.* at 1298 (quoting *Chevron*, 467 U.S. at 842). If so, then both the Court and Commerce "must defer to Congressional intent." *BMW*, 926 F.3d at 1298 (citing *Chevron*, 467 U.S. at 843). However, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *BMW*, 926 F.3d at 1298 (quoting *Chevron*, 467 U.S. at 843). The Court will deem an "'unreasonable resolution of {statutory} language'" impermissible. *BMW*, 926 F.3d at 1298 (quoting *Thai Plastic Bags Indus. Co. v. United States*, 746 F.3d 1358, 1364 (Fed. Cir. 2014)).

Here, Congress has directly spoken to the precise question at issue, *i.e.*, whether Commerce could publish the notice of initiation more than 30 days prior

to the five-year anniversary of the publication of the most recent continuation of the orders, *i.e.*, on October 3, 2022, and require that notices of intent to participate be filed within 15 days. Congress has directly addressed this question through its structuring of § 1675(c). While it is true that subsection (c)(1) of the statute states that Commerce "shall conduct a review" five years after the publication date of the most recent continuation order, the remainder of the statute makes clear that the process of publishing and responding to the notice of initiation stands separately from the conduct of the review, such that no review will be conducted if no domestic interested party responds to the notice of initiation. Specifically, subsections (c)(2) through (4) describe a process in which the responses to a notice of initiation – required pursuant to § 1675(c)(3)(A) – precede the "{c}onduct of {the} review," described in subsection (c)(5). *See* 19 U.S.C. § 1675(c). If no domestic interested party responds to the notice of initiation, Commerce will never reach the point of conducting a review.

This construction is consistent with Commerce's regulations, which provide that "{n}ormally, only where the Department receives adequate response to the notice of initiation from domestic interested parties . . . will the Department conduct a full sunset review." 19 C.F.R. § 351.218(e)(2)(1).

This construction is further supported by the Statement of Administrative Action accompanying the Uruguay Round Agreements Act (URAA), H.R. Doc.

No. 316, 103d Cong., 2d Session (1994) (SAA).[5] The SAA expressly contemplates that Commerce would need to first assess interest in the continuation of an order before conducting a sunset review, to promote administrative efficiency and ease the burden on the agency:

> New {Tariff Act} section 751(c)(3) {19 U.S.C. § 1675(c)(3)} is intended to eliminate needless reviews. This section will promote administrative efficiency and ease the burden on the agencies by eliminating needless reviews while meeting the requirements of the Agreements. If parties provide no or inadequate information in response to a notice of initiation, it is reasonable to conclude that they would not provide adequate information if the agencies conducted a full-fledged review. However, when there is sufficient willingness to participate and adequate indication that parties will submit information requested throughout the proceeding, the agencies will conduct a full review.

SAA at 880. Commerce's construction of 19 U.S.C. § 1675(c) in this instance is consistent with Congress's intent that Commerce be able to determine, prior to the five-year anniversary, whether Commerce will need to expend administrative resources in conducting a full sunset review, or if instead the order may be revoked without full review. As previously noted, Commerce has broad discretion to establish its own rules governing administrative procedures, including the

---

[5] Congress has declared the SAA to be "'an authoritative expression by the United States concerning the interpretation and application of the {URAA} in any judicial proceeding in which a question arises concerning such interpretation or application.'" *Mid Continent Steel & Wire, Inc. v. United States*, 941 F.3d 530, 539 (Fed. Cir. 2019) (quoting 19 U.S.C. § 3512(d)).

establishment and enforcement of time limits. Commerce's construction of § 1675(c) is consistent with the expressly-stated authority provided by Congress.

Because the statute is clear that Commerce does not proceed to conducting a review if no interested party submits a notice of intent to participate – particularly when interpreted with the benefit of the authoritative expression of the SAA – the Court need not proceed to the second step of *Chevron*. If, however, the Court disagrees with our position, then the Court should conclude that Commerce's position reflects a permissible construction of the statute. *BMW*, F.3d at 1298. For the reasons set forth above, Commerce's decision to issue the notice of initiation 55 days prior to the five-year anniversary of the publication of the most recent continuation order effectuates the goal of conducting efficient and timely sunset reviews, in those instances where full reviews are required.

Archroma is not helped by its slippery-slope argument that "{i}f the statute gives the agencies the authority to initiate a review anytime not later than 30 days before the fifth anniversary of the continuation order, the agencies could initiate a review 60 days, 180 days, 365 days, *ad infinitum* all the way back to one day after the continuation order." Pl. Mot. at 12. Those are not the facts of this case. Instead, Commerce published the notice of initiation 55 days prior to the fifth anniversary. As to *these facts*, Archroma provides no explanation for why Commerce's interpretation of § 1675(c) is impermissible, much less does

Archroma argue that Commerce's actions undermine the larger goal of efficiently determining whether a full sunset review of the orders would be required. And Archroma does not even suggest that there was any actual impact to it from being required to file its notice of intent to participate on October 18, 2022, as opposed to at some point in November 2022.[6]

Finally, Archroma gains nothing from its citation to *Diamond Sawblades Manufacturers Coalition v. United States*, 11 F. Supp. 3d 1303 (Ct. Int'l Trade 2014). Pl. Mot. at 17. The Court in *Diamond Sawblades* was presented with a different fundamental question, namely the date on which the period of review *began* for purposes of conducting a five-year sunset review. The Court held that the period began when Commerce published its antidumping duty order, rather than the earlier effective date of the order. *See Diamond Sawblades*, 11 F. Supp. 3d at 1311. The Court was not in that case concerned with the question here,

[6] Archroma also assigns error to Commerce's position – stated in response to Archroma's request for reconsideration of Commerce's rejection of Archroma's untimely notice of intent to participate – that Commerce's notice of initiation was timely because it was published based on the date of the ITC's material-harm determination in the prior sunset reviews, which was published on November 1, 2017. Pl. Mot. at 15-16; *see* Appx001082-001084, Appx001226-001228. For the reasons stated in this brief, Commerce's actions were lawful with reference to the publication date of the prior notice of Commerce's continuation of the orders, *i.e.*, November 27, 2017. The issuance of the notice of initiation for the second sunset reviews, on October 3, 2022, therefore is also not premature if November 1, 2017, is used as the prior effective date pursuant to 19 U.S.C. § 1675(c)(2), since use of that date that would *shorten* the period between the October 3, 2022 notice of initiation and a five-year anniversary of November 1, 2022.

which is whether Commerce could publish a notice of initiation more than 30 days prior to the five-year anniversary of the prior continuation of the orders.[7]

III. Commerce's Regulatory Deadline For Notices Of Intent To Participate Is Consistent With 19 U.S.C. § 1675(c)

We have demonstrated above that Archroma cannot succeed in its argument that 19 U.S.C. § 1675(c) precluded Commerce from issuing the notice of initiation more than 30 days prior to the five-year anniversary of the publication of the most recent continuation order. Archroma's argument that "the regulatory deadlines issued by Commerce in 19 C.F.R. § 351.218(d) exceed the authority granted by Congress to Commerce under the Tariff Act," Pl. Mot. at 19, is also incorrect. While Archroma is correct that "there is no express statutory deadline to file a notice of intent to participate after a sunset review is timely initiated," Pl. Mot. at 18, Commerce by regulation requires any domestic producer wishing to participate in a sunset review file its notice of intent to participate not later than 15 days after the publication of the notice of initiation. 19 C.F.R. § 351.218(d)(1)(iii).

The regulation is consistent with 19 U.S.C. § 1675(c). The 15-day regulatory deadline promotes administrative efficiency and eliminates needless reviews because Commerce is informed within a reasonable amount of time

[7] One of the Court's primary focuses in *Diamond Sawblades* was that, in the Court's view, Commerce's approach in that case effectively shortened the period of review, from five years to four years and three months. *See Diamond Sawblades*, 11 F. Supp. 3d at 1315. No such concern is present here.

whether it will need to conduct a full sunset review, which requires substantial time and resources from the agency. Assuming there have been adequate responses to the notice of initiation, Commerce generally is required to make its final determination in a sunset review within 240 days of initiation. 19 U.S.C. § 1675(c)(5)(A); *see* 19 C.F.R. § 351.218(f)(3)(i). Requiring domestic interested parties to submit their notices of intent to participate within 15 days of initiation helps Commerce to plan for any substantive review that must be completed by the statutory deadline. The requirement also serves to alert potential respondent interested parties that they may need to file a substantive response 30 days after the notice of initiation. *See* 19 C.F.R. § 351.218(d)(3)(i) (requiring that all interested parties file any substantive responses no later than 30 days after the notice of initiation); *see also Procedures for Conducting Five-year ("Sunset") Reviews of Antidumping and Countervailing Duty Orders*, 63 Fed. Reg. 13,516 (Dep't Commerce Mar. 20, 1998) (stating that "{t}he requirement that domestic interested parties notify the Department of their intention to participate prior to the deadline for submission of substantive responses . . . is intended to alleviate the burden on parties of having to prepare substantive responses in cases where there is no domestic party interest").

Again, "{Commerce} has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement

of time limits." *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1370 (Ct. Int'l Trade 2007), *aff'd*, 300 F. App'x 934 (Fed. Cir. 2008). Archroma has not come close to demonstrating that Commerce's establishment and enforcement of the 15-day deadline amounts to an abuse of discretion, or that it is otherwise unlawful.

CONCLUSION

For the reasons above, we respectfully request that this Court deny Archroma's motion for judgment on the agency record.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/Geoffrey M. Long
GEOFFREY M. LONG
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-0159
Geoffrey.M.Long@usdoj.gov

Attorneys for United States Department of Commerce

OF COUNSEL:

AYAT MUJAIS
Senior Attorney
Office of the Chief Counsel For
Trade Enforcement & Compliance
Department of Commerce

September 1, 2023

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the Rules of this Court, the Court's Standard Chamber Procedures, and the Court's scheduling order (ECF No. 33) in that it contains 4,239 words, including text, footnotes, and headings.

/s/Geoffrey M. Long
GEOFFREY M. LONG