**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE**

| | |
|---|---|
| ARCHROMA U.S., INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants. | Court No. 22-00354 |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S**
**RULE 56.2 MOTION FOR JUDGMENT ON AGENCY RECORD**

Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408

*Counsel for Archroma, U.S., Inc.*

Dated: November 22, 2023

## TABLE OF CONTENTS

Page

A. ARCHROMA TIMELY FILED ITS SUBSTANTATIVE RESPONSE, WHICH PERMITTED COMMERCE TO MAKE ITS ADEQUACY DETERMINATION ................................. 1

B. THE SECOND SUNSET REVIEW SHOULD BE DECLARED *ULTRA VIRES* ......................................................... 3

C. CONCLUSION ................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Code of Federal Regulations**

19 C.F.R. § 351.218(d)(1) ............................................................................................. 3

19 CFR § 351.218(d) ................................................................................................. 1, 3

19 CFR § 351.218(d)(3) ................................................................................................ 1

19 CFR § 1675(c)(3)(A) ............................................................................................... 4

# GLOSSARY OF CASE-SPECIFIC ACRONYMS AND ABBREVIATIONS

| | |
|---|---|
| AD Orders | Antidumping orders on stilbenic optical brightening agents from Taiwan and the People's Republic of China |
| ITC | International Trade Commission |
| Commerce | U.S. Department of Commerce |
| First Sunset Review | The first sunset review of the antidumping order in this case that resulted in continuation of the order from the original proceeding. The continuation order was published on November 27, 2017. |
| Second Sunset Review | The second sunset review of the antidumping order in this case for which Commerce published an initiation of review of October 3, 2022. |
| Petitioner or Archroma | Archroma U.S., Inc. |

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE**

|  |  |  |
|---|---|---|
| ARCHROMA U.S., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 22-00354 |
| | ) | |
| UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S**
**RULE 56.2 MOTION FOR JUDGMENT ON AGENCY RECORD**

Archroma addresses the following two issues in reply to the Defendants' briefing:

1. Commerce conflates the notice of intent to participate (19 CFR § 351.218(d)) with its adequacy determination based on whether an interested party files a substantive response pursuant to 19 CFR § 351.218(d)(3).

2. Commerce prematurely conducted the Second Sunset Review, which should be declared *ultra vires*.

## A. Archroma Timely Filed Its Substantive Response, which Permitted Commerce to Make Its Adequacy Determination.

Commerce is *wrong* that the "15-day regulatory deadline [for filing a notice of intent to participate] promotes administrative efficiency and eliminates needless reviews because Commerce is informed within a reasonable amount of time whether it will need to conduct a full sunset review, which requires substantial time and resources from the agency." Commerce's Response at p. 17-18. Whether or not Commerce is required to conduct a full review or an expedited review is based on the substantive response—not the notice of intent to participate. It is undisputed that Archroma timely filed its substantive responses with Commerce, *see* Appx001152-00163, and a response to the ITC's Notice of Institution, *see* Appx001263-1293, pursuant to the agencies' regulatory deadlines for such responses. Archroma's substantive responses contained all information necessary for Commerce to find a continued likelihood of dumping and for the ITC to find material injury.

Yet, even though § 1675(c)(1) is clear that Commerce cannot conduct the Second Sunset Review until after November 27, 2022, Commerce in this case decided no later than October 27, 2022 that it

2

would revoke the AD Orders altogether. There is no reasonable justification to prematurely initiate sunset reviews, require parties to file notices of intent to participate nearly 45 days before the review may be conducted, and require parties to file substantive responses all well before the review is to be conducted pursuant to statute—especially where Commerce stands ready to *revoke* antidumping orders *before* Commerce even has statutory authority to conduct the sunset review. In sum, the regulatory deadlines issued by Commerce in 19 C.F.R. § 351.218(d) exceed the authority granted by Congress to Commerce under the Tariff Act.

### B. The Second Sunset Review Should Be Declared *Ultra Vires.*

The sole reason Commerce provides for its decision to revoke the AD Orders is Commerce's assertion that Archroma did not timely file a notice of intent to participate by October 18, 2022 pursuant to the 15-day deadline set forth in Commerce's regulations. *See* 19 C.F.R. § 351.218(d)(1)(i), Appx001006-001007. There is no similar deadline in the controlling statutes to file a notice of intent to participate.

Commerce's premature initiation coupled with a short 15-day regulatory deadline is inconsistent with the statutory scheme for

3

#101819835v1

conducting sunset reviews. Specifically, section 1675(c)(3)(A) provides Commerce with 90 days to revoke an antidumping order while providing only 15 days to a domestic interested party such as Archroma to file a notice of intent to participate. Commerce's draconian application of its regulatory deadlines that led to revocation in this case while Commerce itself failed to strictly adhere to other notice requirements is further evidence of abuse of discretion, and arbitrary and capricious decision-making by Commerce.

## C. CONCLUSION

For the foregoing reasons, we respectfully request that the Court remand the final determination in the underlying investigation to Commerce for disposition consistent with the Court's Final Decision.

Respectfully submitted,

*/s/ Christopher D. Cazenave*
Christopher D. Cazenave
JONES WALKER LLP
201 Saint Charles Ave., Suite 5100
New Orleans, LA 70170
Telephone: (504) 582-8408
Email: ccazenave@joneswalker.com

*Counsel for Archroma, U.S., Inc.*

#101819835v1

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Memorandum in Support of Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record, as computed by Jones Walker LLP's word processing system (Microsoft Word 365), is 546 words.

*/s/ Christopher D. Cazenave*
(Signature of Attorney)

Christopher D. Cazenave
(Name of Attorney)

*Archroma U.S., Inc.*
(Representative Of)

November 22, 2023
(Date)