**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE**

| | |
|---|---|
| ARCHROMA U.S., INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE and UNITED STATES INTERNATIONAL TRADE COMMISSION <br><br> Defendants, <br><br> and <br><br> TEH FONG MIN (TFM) INTERNATIONAL CO. LTD. <br><br> Defendant-Intervenor. | Court No. 22-00354 |

**ARCHROMA U.S., INC.'S SUPPLEMENTAL**
**BRIEF IN RESPONSE TO COURT'S APRIL 4, 2024 ORDER**

Title 19 CFR § 351.218(d)(1) is beyond the statutory authority granted to Commerce under 19 U.S.C. § 1675(c)(2) for several reasons:

- Section 351.218(d)(1) is ultra vires because the regulation permits Commerce to revoke an antidumping order before the 30-day deadline in § 351.218(d)(3)(i) that an interested party like Archroma has the opportunity to submit the information statutorily required under 19 U.S.C. § 1675(c)(2).

- Section 351.218(d)(1) impermissibly allows Commerce to revoke an antidumping order even where an interested party like

1

Archroma timely submitted—pursuant to § 351.218(d)(3)(i)—all information statutorily required under 19 U.S.C. § 1675(c)(2).

- Section 351.218(d)(1) is ultra vires because the regulation permits Commerce to revoke an antidumping order without undertaking any of Commerce's statutory obligations in a sunset review to determine whether revocation of an antidumping order would likely lead to continuation or recurrence of dumping.

- Section 351.218(d)(1) is ultra vires because the regulation permits Commerce to revoke an antidumping order based solely on the timely submission of elementary information listed in § 351.218(d)(1)(ii) without any consideration of the statutorily required substantive information in 19 U.S.C. § 1675(c)(2) that allows Commerce to determine whether revocation of an antidumping order would likely lead to continuation or recurrence of dumping.

Commerce's application of § 351(d)(1) in this case also constitutes

an abuse of discretion on a number of grounds:

- Archroma expressed its willingness to participate in the sunset review by timely submitting the information statutorily required by 19 U.S.C. § 1675(c)(2), which includes a statement expressing Archroma's willingness to participate. *See* 19 U.S.C. § 1675(c)(2)(A); *see also* Appx001152-001163, Appx001154-001155 ("Archroma is willing to participate in this sunset review . . . ."), Appx001263-1293, Appx001270 ("Archroma is willing to participate in this sunset review . . . .").

- No other interested party—i.e., Taiwanese and Chinese OBA producers/exporters—was ever going to be burdened with preparation of a substantive response. "[T]his is an uncontested expedited review and the result almost certainly will be to continue the order based on the information provided by Archroma as to the continuation of dumping and the likely recurrence of material injury to the domestic OBA industry as a result of dumping." *See* Appx001175.

- No burden would have been imposed upon Commerce by accepting Archroma's timely submission of all information statutorily required under 19 U.S.C. § 1675(c)(2) that in turn allowed Commerce to determine whether revocation of an antidumping order would likely lead to continuation or recurrence of dumping.

- Commerce's enforcement of a 15-day deadline-setting regulation, *see* § 351.218(d)(i), that is not required by statute is irreconcilable with Commerce's statutory obligation to calculate accurate dumping margins.

A. **The 15-Day Regulatory Deadline in 19 CFR § 351.218(d)(1) Is Ultra Vires.**

Section 351.218(d)(1) is beyond Commerce's statutory authority because the 15-day regulatory deadline is before any applicable statutory deadline to submit the substantive information required by 19 U.S.C. § 1675(c)(2) and before Commerce's own 30-day regulatory deadline for an interested party to submit the substantive information required by 19 U.S.C. § 1675(c)(2) and/or § 351.218(d)(3)(ii).

Section 1675(c) at subsection (3) permits Commerce to revoke an antidumping order if an interested party fails to respond "to the notice of initiation under this subsection . . . ." *See* 19 U.S.C. § 1675(c)(3). Subsection 1675(c)(2) provides then that Commerce's notice of initiation "request[s] that interested parties submit—

> (A) a statement expressing their willingness to participate in the review by providing

> information requested by the administering authority and the Commission,
>
> (B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and
>
> (C) such other information or industry data as the administering authority or the Commission may specify."

*Id.* § 1675(c)(2).

Section 1675(c) is silent as to the deadline for an interested party to submit the information set forth in subsection 1675(c)(2). Although there is no statutory deadline under § 1675(c), § 351.218(d)(3)(i) provides a regulatory 30-day deadline from the date of publication of the notice of initiation, *see* 19 CFR § 351.218(d)(3)(i), for an interested party to submit the information set forth in subsection 1675(c)(2).

Here, on November 1, 2022, Archroma submitted all substantive information required by statute, (§ 1675(c)(2)), and/or called for by regulation, (§ 351.218(d)(3)(ii)), before Commerce's 30-day regulatory deadline of November 2, 2022 to submit a "complete substantive response to a notice of initiation . . . ." (§ 351.218(d)(3)(i)). Commerce however rejected Archroma's substantive responses as unsolicited submissions. *See* Appx001036. Commerce's rejection of Archroma's

responses under the color of § 351.218(d)(1) even before Commerce's own deadline effectively barred Archroma's opportunity to submit the substantive information required by 19 U.S.C. 1675(c)(2).

Commerce's application of § 351.218(d)(1) is also inconsistent with Commerce's obligations under § 1675(c) to conduct a sunset review.  On the one hand, the notification of intent to participate established by § 351.218(d)(1) is a perfunctory filing containing only basic information with a statement that the interested party intends to participate in the sunset review. *See* 19 CFR § 351.218(d)(1)(ii).  On the other hand, the information that Archroma timely provided and that is statutorily required by § 1675(c)(2)(A)-(C) is substantive and comprehensive. It is the information necessary for Commerce to carry out its duty in a sunset review to determine whether revocation of the antidumping orders on "Certain Stilbenic Optical Brightening Agents" ("OBA") from Taiwan and China will likely lead to continuation or recurrence of dumping of OBA by Taiwanese and Chinese exporters. Commerce's reflexive rejection of the substantive information required by § 1675(c)(2)(A)-(C) based solely on the timely submission of elementary information listed in 351.218(d)(1)(ii) is ultra vires and

contradictory to Commerce's "responsibility of determining whether revocation of an antidumping order . . . would be likely to lead to a continuation or recurrence of dumping . . . ." *See Response of United States Department of Commerce to Plaintiff's Rule 56.2 Motion for Judgment upon the Agency Record*, (R. Doc. 40), at p. 27 (quoting *Procedures for Conducting Five-year ("Sunset") Review of Antidumping and Countervailing Duty Orders*, 63 F.R. 13516, 13516 (Dep't of Com. Mar. 20, 1998)).

B. **Commerce's Failure to Waive the 15-Day Regulatory Deadline Constitutes an Abuse of Discretion.**

"[A]n agency's discretion to set and enforce deadlines is not absolute. A deadline-setting regulation that 'is not required by statute may, in appropriate circumstances, be waived and must be waived where failure to do so would amount to an abuse of discretion.'" *See Leco Supply, Inc. v. United States*, 619 F. Supp. 3d 1287, 1307 (Ct. Int'l Trade 2023) (internal citations omitted) (citing *NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1206-07 (Fed. Cir. 1995)). "When considering whether Commerce's rejection of an untimely filing amounts to an abuse of discretion, the court is guided first by the remedial, and not punitive, purpose of the antidumping statute,

*Chaparral Steel Co. v. United States*, 901 F.2d 1097, 1103-04 (Fed. Cir. 1990), and the statute's goal of determining margins 'as accurately as possible,' *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990). The court also weighs 'the burden imposed upon the agency by accepting the late submission,' *Usinor Sacilor v. United States*, 18 Ct. Int'l Trade 1155, 1164, 872 F. Supp. 1000, 1008 (1994), and 'the need for finality at the final results stage,' *Timken U.S. Corp. v. United States*, 434 F.3d 1345, 1353 (Fed. Cir. 2006). Thus, while deferring to Commerce's necessary discretion to set and enforce its deadlines, the court will review on a case-by-case basis whether the interests of accuracy and fairness outweigh the burden placed on the Department and the interest in finality." *Grobest & I-Mei Indus. (Vietnam) Co., Ltd. v. United States*, 815 F. Supp. 2d 1342, 1365 (Ct. Int'l Trade 2012); *see also NTN Bearing Corp.*, 74 F.3d at 1207; *Celik Halat ve Tel Sanayi A.S. v. United States*, 485 F. Supp. 3d 1404, 1412 (Ct. Int'l Trade 2020); *Stupp Corp. v. United States*, 359 F. Supp. 3d 1293, 1312 (Ct. Int'l Trade 2019); *Pro-Team Coil Nail Enter. v. United States*, 419 F. Supp. 3d 1319, 1331-32 (Ct. Int'l Trade 2019); *Usinor Sacilor v. United States*, 872 F. Supp. 1000, 1008 (Ct. Int'l Trade 1994).

*NTN* and its progeny should be applied to this case and the Court should find that Commerce must waive § 351.218(d)(1) because failure to do so would amount to an abuse of discretion. To begin with, Commerce's rejection of Archroma's notice of intent to participate followed by revocation of longstanding antidumping orders on OBA from Taiwan and China almost certainly means the dumping margin—now 0.00%—is inaccurate. Revocation of antidumping orders when there is a long history of recurring dumping, as the case is here, is fundamentally at odds with the purpose of the antidumping statute.

Commerce's mechanical application of § 351.218(d) is also an abuse of discretion in this case because no burden would have been imposed upon Commerce by accepting Archroma's timely submission of all information statutorily required under § 1675(c)(2). As Commerce was made aware long before its decision to revoke the antidumping orders, "only Archroma appeared in this Sunset Review. As such, this is an uncontested expedited review and the result almost certainly will be to continue the order based on the information provided by Archroma as to the continuation of dumping and the likely recurrence of material

injury to the domestic OBA industry as a result of dumping." *See* Appx001175.

In sum, under the circumstances in this case, if Commerce's automatic application of § 351.218(d) as the basis to revoke longstanding antidumping orders seems to be an irrational decision, it is because it was. Section 351.218(d) is ultra vires because it prohibited Archroma from submitting the information required by 19 U.S.C. § 1675(c)(2). Alternatively, Commerce's application of § 351.218(d) and the revocation of the antidumping orders at issue constitutes an abuse of discretion.

Dated: April 25, 2024

                 Respectfully submitted,

                 */s/ Christopher D. Cazenave*
                 Christopher D. Cazenave
                 JONES WALKER LLP
                 201 Saint Charles Ave., Suite 5100
                 New Orleans, LA 70170
                 Telephone: (504) 582-8408
                 Fax: (504) 589-8408
                 Email: ccazenave@joneswalker.com

                 *Counsel for Archroma, U.S., Inc.*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to counsel of record.

            */s/ Christopher D. Cazenave*
            Christopher D. Cazenave