**Slip Op. 24-61**

# UNITED STATES
# COURT OF INTERNATIONAL TRADE

**Court No. 22-00354**

ARCHROMA U.S., INC.,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF COMMERCE
and
UNITED STATES INTERNATIONAL TRADE COMMISSION,

*Defendants*,

and

TEH FONG MIN INTERNATIONAL CO. LTD.,

*Defendant-Intervenor*.

Before: M. Miller Baker, Judge

## OPINION

[The court grants Plaintiff's motion for judgment on the agency record, holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c), and orders Defendants to undertake full sunset reviews with Plaintiff's participation.]

Dated: May 28, 2024

*Christopher D. Cazenave*, Jones Walker LLP, New Orleans, LA, on the briefs for Plaintiff.

*Brian M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; *Franklin E. White, Jr.*, Assistant Director; and *Geoffrey M. Long*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, on the brief for Defendant U.S. Department of Commerce. Of counsel on the brief was *Ayat Mujais*, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, Washington, DC.

*Dominic L. Bianchi*, General Counsel; *Andrea C. Casson*, Assistant General Counsel for Litigation; and *Henry N.L. Smith*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, Washington, DC, on the brief for Defendant U.S. International Trade Commission.

*Peter Koenig*, Squire Patton Boggs (US) LLP, Washington, DC, on the brief for Defendant-Intervenor.

   *Baker*, Judge: Although federal agencies may last forever, *see* Ronald Reagan, *A Time for Choosing* (Oct. 27, 1964) ("[A] government bureau is the nearest thing to eternal life we'll ever see on this earth."),[1] antidumping and countervailing duty orders mercifully don't. Such decrees generally sunset after five years unless a domestic interested party timely responds to the Commerce Department's warning of the pending

---

[1] Available at https://www.reaganlibrary.gov/reagans/ronald-reagan/time-choosing-speech-october-27-1964.

lapse by submitting certain information prescribed by statute. Receiving such material requires the agency to determine whether to continue the tariff.

In this case, Commerce announced that two antidumping orders were soon due for sunset reviews. A domestic producer missed—by six days—a 15-day regulatory deadline to file a "notice of intent to participate" in any reviews but *met* the regulation's later cutoff to file "substantive responses" with the statutorily required content. The Department nevertheless refused to consider those submissions and instead peremptorily revoked the decrees because of the company's tardy notice of intent. The producer then sued.

The court holds that the regulation contradicts the statute. Commerce may not cancel an antidumping or countervailing duty order or bar domestic interested parties from taking part in a five-year review without first letting them submit the content dictated by Congress. The Department must accept the producer's timely substantive responses and undertake (together with the International Trade Commission) full sunset reviews with the company's participation.

I

Subject to certain limited exceptions not relevant here, the Tariff Act of 1930, as amended, directs that Commerce and the Commission each undertake a "five-year review" of antidumping and countervailing duty orders, *see* 19 U.S.C. § 1675(c), commonly known

Ct. No. 22-00354 Page 4

as a "sunset review," *see* 19 C.F.R. § 351.218(a). In most cases, the statute requires an initial sunset review five years "after the date of publication" of an antidumping or countervailing duty order. 19 U.S.C. § 1675(c)(1)(A).[2] If both agencies determine that the order should remain in force, the statute mandates that subsequent sunset reviews take place every five years "after the date of publication of . . . a determination under this section to continue an order." *Id.* § 1675(c)(1)(C).[3]

As to both initial and subsequent sunset reviews, the statute directs the Department to publish "a notice of initiation" "[n]ot later than 30 days before the fifth anniversary of the date described in [§ 1675(c)(1)]."

---

[2] As to certain countervailing duty orders, the trigger date for an initial sunset review is different. *See* 19 U.S.C. § 1675(c)(1)(A)–(B).

[3] Commerce construes a "determination under this section to continue an order" as meaning the Commission's determination to keep the antidumping duty order in effect. *See* 19 C.F.R. § 351.218(c)(2) ("In the case of an order . . . that is continued following a sunset review . . ., no later than 30 days before the fifth anniversary of the date of the last determination by the Commission to continue the order . . ., the Secretary will publish a notice of initiation of a sunset review . . . .").

*Id.* § 1675(c)(2).[4] This notice must instruct domestic "interested parties"[5] to submit

> (A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,
>
> (B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, and
>
> (C) such other information or industry data as [Commerce] or the Commission may specify.

19 U.S.C. § 1675(c)(2).

A timely submission to the Department providing the content mandated by § 1675(c)(2) is critical because if "no [domestic] interested party responds to the notice of initiation under this subsection," Commerce "shall . . . revok[e] the order" in what amounts to an

---

[4] The Commission explains that in practice it publishes its own companion "notice of institution" the same day the Department issues a notice of initiation "because the statute contemplates simultaneous five-year reviews by both agencies." ECF 39, at 8 n.1.

[5] *See* 19 U.S.C. § 1675(c)(3)(A) (defining "interested party" for "purposes of this paragraph" as various domestic entities described in 19 U.S.C. § 1677(9)(C)–(G)).

Ct. No. 22-00354                                              Page 6

administrative default judgment. *Id.* § 1675(c)(3)(A).[6] Essentially, the statute requires such parties to speak up in support of continuing a duty order or forever hold their peace.[7]

Although § 1675(c)(2) dictates the information that domestic interested parties must provide to prevent a duty order's demise, the statute does not speak to *when* such a submission is due. Stepping into the breach, the Department imposes two separate deadlines through regulation.

The first, and earlier, deadline requires that a domestic interested party wishing to participate in a sunset review file a "notice of intent to participate" no later than 15 days after Commerce publishes the no-

---

[6] The court expresses no view on whether § 1675(c)(3)(A) permits Commerce to revoke a duty order when an interested party fails to respond to the *Commission's* notice of institution of a sunset review. *See above* note 4.

[7] If a domestic interested party does respond to a notice of initiation under § 1675(c), the Department must consider whether, if the order were revoked, "dumping or a countervailable subsidy, as the case may be, would be likely to continue or recur." 19 U.S.C. § 1675(d)(2)(A). The Commission must do the same as to material injury. *See id.* § 1675(d)(2)(B). If the party submits "inadequate" responses to Commerce or the Commission, *id.* § 1675(c)(3)(B), either agency "may issue, without further investigation, a final determination based on the facts available [under 19 U.S.C. § 1677e]," *id.*

tice of initiation. 19 C.F.R. § 351.218(d)(1)(i).[8] An entity that fails to do so "will be considered not willing to participate in the review and the [Department] will not accept or consider any unsolicited submissions from that party during the course of the review." *Id.* § 351.218(d)(1)(iii)(A). "If no domestic interested party files a notice," *id.* § 351.218(d)(1)(iii)(B), Commerce will "[c]onclude that no [such] party has responded to the notice of initiation under [the statute]," *id.* § 351.218(d)(1)(iii)(B)(1), and "revok[e] the order," *id.* § 351.218(d)(1)(iii)(B)(3).

The second, and later, deadline requires any interested party—not just domestic entities—to submit a "complete *substantive* response" not later than 30 days after publication of a notice of initiation. *Id.* § 351.218(d)(3)(i) (emphasis added). As relevant here, the regulation tracks 19 U.S.C. § 1675(c)(2)(A)–(B) word-for-word in prescribing what that submission must include:

> (E) *A statement expressing the interested party's willingness to participate in the review by providing information requested by the Department*, which must include a summary of that party's historical participation in any segment of

---

[8] Other than a bare-bones statement of the party's "intent to participate in [the] sunset review," 19 C.F.R. § 351.218(d)(1)(ii), the only other required contents in a notice of intent are basic factual details such as the entity's contact information, *see id.* § 351.218(d)(1)(ii)(A)–(E).

the proceeding before the Department related to the subject merchandise; [and]

(F) *A statement regarding the likely effects of revocation of the order or termination of the suspended investigation* under review, which must include any factual information, argument, and reason to support such statement . . . .

19 C.F.R. § 351.218(d)(3)(ii) (emphasis added).[9]

---

[9] The Commission has a similar framework for responding to its "notice of institution" of a sunset review. *See id.* § 207.60(d) (defining that term). Within 21 days of such publication, an interested party must file an "entry of appearance" with the agency. *See id.* § 201.11(b)(4). Like Commerce's "notice of intent," the Commission's entry of appearance only requires bare-bones information: "the nature of the person's reason for participating" in the review and an expression of "intent to file briefs with the [agency]." *Id.* § 201.11(a). Unlike the Department, however, the Commission's regulation does not indicate that a failure to make this procedural filing is fatal.

Reinforcing this apparent difference, the latter's regulation states that all "[r]esponses to the notice of institution shall be submitted to the Commission" within 30 days of publication. *Id.* § 207.61(a). Thus, an "entry of appearance" is *not* a response to such a notice. A response must contain the material specified by 19 U.S.C. § 1675(c)(2)(A)–(B) as well as other data requested by the Commission. *See* 19 C.F.R. § 207.61(b).

II

This case involves two 2012 antidumping orders on paper-whitening chemicals from Taiwan and China. *See* 77 Fed. Reg. 27,419; 77 Fed. Reg. 27,423. Sunset reviews for both decrees in 2017 led to a "notice of continuation" keeping them in effect. *See* 82 Fed. Reg. 55,990.

On October 3, 2022—ironically, three days *late* under its own regulation,[10] *cf. Luke* 4:23 ("Physician, heal

---

[10] The Commission published its determination to continue the orders on November 1, 2017, *see* 82 Fed. Reg. 50,678, 50,678–79, which meant the Department was required to publish a notice of initiation "*no later than* 30 days before" November 1, 2022, the "fifth anniversary date," 19 C.F.R. § 351.218(c)(2) (emphasis added); *see also above* note 3. Thirty days before that date was October 2, 2022—a Sunday.

"[W]here a . . . deadline falls on a weekend, federal holiday, or any other day when the Department is closed," Commerce's practice is to treat the "the next business day" as the applicable deadline "consistent with federal practice. *See* Fed. R. Civ. P. 6(a); Fed R. App. P. 26(a)." 70 Fed. Reg. 24,533, 24,533. Under the cited federal rule provisions, "[t]he 'next day' is determined by continuing to count forward when the period is measured after an event *and backward when measured before an event*." Fed. R. Civ P. 6(a)(5) (emphasis added); Fed. R. App. P. 26(a)(5) (same). The deadline established by § 351.218(c)(2) is determined by counting *backward*, so the cutoff moved back from Sunday, October 2, to Friday, September 30. Here, the Department instead erroneously counted *forward* and published the

thyself")—Commerce published a notice of initiation for new five-year reviews of both orders. *See* 87 Fed. Reg. 59,779. The Department instructed domestic interested parties to file "notice[s] of intent to participate" within 15 days (by October 18) and all interested parties to submit "complete substantive responses" with statutorily required information within 30 days (by November 2). *See id.* at 59,780. It also warned that if the agency did "not receive a notice of intent to participate from at least one domestic interested party by the 15-day deadline," it would "automatically revoke the [relevant] order without further review." *Id.* (citing 19 C.F.R. § 351.218(d)(1)(iii)).[11]

Although both agencies established the same date for submitting statutorily required *substantive* information—November 2, 2022—their notices set different deadlines for the earlier procedural filings. The Department's cutoff date for a notice of intent (October

---

notice of initiation on October 3. Because the court resolves this case on other grounds, it need not consider the effect, if any, of Commerce's untimely issuance of its notice.

[11] The Commission, meanwhile, published a notice of institution on the same day as Commerce and directed all interested parties wishing to participate to file entries of appearance within 21 days (by October 24) and substantive responses containing statutorily required material within 30 days (by November 2). *See* 87 Fed. Reg. 59,827, 59,827–28; *see also above* notes 4, 9.

18) was six days earlier than the Commission's (October 24) for an entry of appearance.

That difference is what gives rise to this litigation, because Archroma U.S., Inc.—a domestic producer of the chemical that is the subject of the antidumping duty orders here[12]—appears to have transposed those deadlines. The company (timely) filed its entries of appearance with the Commission on October 12, Appx001304–001305, which was also before *the Department's* deadline for notices of intent. But on October 24—the last day for making its procedural filings *with the Commission*—the company made its pro forma submissions with Commerce, Appx001137–001139, six days late. As the rueful saying goes, mistakes were made.

The Department rejected Archroma's notices of intent as untimely and removed them from the record. Appx001011–001012. No other domestic interested party filed such a notice, so on October 27—before the 30-day deadline to file substantive responses—Commerce notified the Commission that it would revoke the orders. Appx001006–001007; Appx001140–001141.

Archroma nevertheless timely filed substantive responses and requested the Department accept the

---

[12] The company states it is the successor of Clariant Corporation, "the original petitioner in the underlying . . . proceeding that led to the" orders. ECF 35, at 2–3.

company's untimely notices of intent. Appx001014–001016; *see also* Appx001036 (referring to the responses' barcodes).[13] Commerce denied that request, finding no showing of an "extraordinary circumstance," and rejected the responses. Appx001035–001036. Archroma asked for reconsideration, Appx001038–001056, which the Department also denied, Appx001082–001084.[14]

Commerce then revoked the orders because "no domestic interested party responded to the sunset review notice of initiation by the applicable deadline." 87 Fed. Reg. 80,162, 80,162; Appx001089. Two weeks later, the Commission ended its review, citing Commerce's action. 88 Fed. Reg. 2,374; Appx001295.

### III

Invoking jurisdiction conferred by 28 U.S.C. § 1581(c), *see* ECF 29 (amended complaint), at 2, Archroma brought this suit under 19 U.S.C. § 1516a(a)(1)(D)[15] against the Department and the

---

[13] Archroma also timely submitted substantive responses to the Commission's notice of institution. Appx001263–001293.

[14] In so doing, Commerce erroneously stated that it timely issued the notice of initiation on October 3. *Compare* Appx001083 *and* Appx001083 n.10 *with above* note 10.

[15] This provision gives interested parties who were "party to the proceeding in connection with which the matter arises" a right of action in this court to contest any factual

Commission challenging revocation of the antidumping orders.[16] *See generally* ECF 29. Teh Fong Min International Co. Ltd., a Taiwanese producer and exporter, intervened to support the agencies. ECF 18. Archroma then moved for judgment on the agency record (ECF 35); Commerce (ECF 40), the Commission (ECF 39), and Teh Fong Min (ECF 41, joining the agencies' briefs) opposed. After receiving supplemental briefing from the Department (ECF 51), Archroma (ECF 52), and the Commission (ECF 53),[17] the court decides the motion on the papers.

The parties assert that this case is subject to substantial-evidence review under 19 U.S.C. § 1516a(b)(1)(B)(i). *See* ECF 35, at 7 (Archroma); ECF 40, at 8 (Commerce); ECF 39, at 5 (the Commission). The court disagrees because this is a § 1516a(a)(1)(D) case. The statute directs that "[t]he court shall hold unlawful any determination, finding, or conclusion found—. . . *in an action brought under paragraph (1)(D) of subsection (a)*, to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

---

findings or legal conclusions on which "a final determination by [Commerce] or the Commission under [19 U.S.C. §] 1675(c)(3)" is based.

[16] The company concurrently sought a preliminary injunction keeping the orders effective pending this litigation, ECF 7, to which Commerce consented, *see* ECF 8.

[17] The court thanks the parties for their helpful supplemental briefing.

with law." 19 U.S.C. § 1516a(b)(1)(B)(ii) (emphasis added); *see also Neenah Foundry Co. v. United States*, 142 F. Supp. 2d 1008, 1013 (CIT 2001) (thoroughly explaining why arbitrary-and-capricious, rather than substantial-evidence, review applies to agency determinations under 19 U.S.C. § 1675(c)(3)).

## IV

Archroma argues that 19 C.F.R. § 351.218(d)(1)(iii)'s 15-day deadline for filing a notice of intent to participate exceeds "Commerce's statutory authority" because it "effectively barred [the company's] opportunity to submit the substantive information required by 19 U.S.C. § 1675(c)(2)." ECF 52, at 3, 5. It asserts that its timely submission of that material "contained all [the] information necessary" under the statute for the Department to undertake full sunset reviews. ECF 35, at 4.

Commerce answers that § 351.218(d)(1)(iii)'s deadline "represents a lawful interpretation of § 1675(c)." ECF 51, at 9. It contends that because the statute fails to define what "constitute[s] 'no response,'" *id.* at 10, "it is reasonable for [the Department] to determine that if a party does not submit a notice of intent to participate . . . then the party has not responded, trigger-

Ct. No. 22-00354 Page 15

ing the revocation under 19 U.S.C. § 1675(c)(3)[(A)]," *id.*[18]

Commerce errs by reading "no . . . respon[se]" in § 1675(c)(3)(A) in isolation: "Perhaps no interpretive fault is more common than the failure to follow the whole-text canon, which calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts." Scalia and Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012). Thus, "the meaning of a statute is to be looked for, not in any single section, but in all the parts together and in their relation to the end in view." *Id.* at 168 (quoting *Panama Refin. Co. v. Ryan*, 293 U.S. 388, 439 (1935) (Cardozo, J., dissenting)).

Applying the whole-text canon of construction resolves this case. Commerce may revoke an antidumping or countervailing duty order only if "no [domestic] interested party responds to the notice of initiation *under this subsection*." 19 U.S.C. § 1675(c)(3)(A) (emphasis added). That subsection's preceding paragraph mandates that such a notice

---

[18] The agency adds that the deadline "promotes administrative efficiency and eliminates needless reviews" by alerting it "whether it will need to conduct a full sunset review, which requires substantial time and resources from the agency." *Id.* at 11.

Ct. No. 22-00354 Page 16

request that [domestic] interested parties submit—

(A) a statement expressing their willingness to participate in the review by providing information requested by [Commerce] and the Commission,

(B) a statement regarding the likely effects of revocation of the order or termination of the suspended investigation, *and*

(C) such other information or industry data as [Commerce] or the Commission may specify.

*Id.* § 1675(c)(2) (emphasis added). Reading (c)(2) and (c)(3) together—that is, in context—it's obvious that "no . . . respon[se] to the notice of initiation under this subsection" in § 1675(c)(3)(A) means no answer to a solicitation for the substantive content that *§ 1675(c)(2)(A)–(C)* instructs the agency to seek.

It's undisputed that Archroma timely responded to Commerce's request for substantive material prescribed by § 1675(c)(2)(A)–(C). The statute therefore obligated the Department to undertake reviews and allow the company to participate in the ensuing proceedings.[19] Although Archroma failed to timely submit

---

[19] If a domestic interested party timely submits substantive information required by the statute, it necessarily follows that such an entity has a concomitant entitlement to parti-

Ct. No. 22-00354 Page 17

a notice of intent to so participate, the statute confers no authority on the agency to revoke a duty order or bar participation based on that omission. Commerce does not contest that the threadbare document it instructed domestic interested parties to file within 15 days did not require any—much less *all*—of the content specified in § 1675(c)(2)(A)–(C).[20] By revoking the orders and barring the company's participation, Commerce jumped the statutory gun.

The court holds that 19 C.F.R. § 351.218(d)(1) violates 19 U.S.C. § 1675(c)(2)–(3). If Commerce is to

---

cipate in the review. Otherwise, the right to provide the content specified by Congress would be "remarkably hollow." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009).

[20] One might argue—though the Department wisely makes no such contention here—that the "notice of intent to participate" required by 19 C.F.R. § 351.218(d)(1) falls within "such *other information* or industry data as [Commerce] . . . may specify." 19 U.S.C. § 1675(c)(2)(C) (emphasis added). That reading, even if accepted, would still be unavailing because of the conjunction "and" in § 1675(c)(2). Before Commerce may revoke a duty order in a five-year review, it must first afford domestic interested parties an opportunity to submit content specified in subparagraphs (A), (B), *and* (C) in § 1675(c)(2)—that is, *all* such content. *See* Scalia and Garner, *above*, at 116 (explaining that where a "conjunctive list" prescribes that "You must do A, B, and C," "all three things are required"). So even if § 351.218(d)(1) is read to request content encompassed by § 1675(c)(2)(C), it still does not seek material prescribed by § 1675(c)(2)(A) and (B) and therefore violates the statute.

Ct. No. 22-00354                                                Page 18

revoke a duty order and/or bar a domestic interested party's participation in any sunset review, it must first afford that party the opportunity to submit all the content prescribed by 19 U.S.C. § 1675(c)(2)(A)–(C). The regulation extinguishes that statutory right if, as here, such an entity fails to timely file a notice of intent. The court therefore grants Archroma's motion for judgment on the agency record and enjoins the Department to accept the company's substantive responses,[21] undertake (together with the Commission) full sunset reviews, and allow the company's participation. A separate declaratory judgment and injunction will issue. *See* USCIT R. 58(a).

Dated: May 28, 2024          /s/ *M. Miller Baker*
       New York, NY          M. Miller Baker, Judge

---

[21] After accepting Archroma's substantive responses, the Department must determine whether they are satisfactory or "inadequate." *See* 19 U.S.C. § 1675(c)(3)(B); *see also above* note 7. The court expresses no view on that question, which the agency did not consider in the first instance.